■ In the Matter of GABRIELLE BUEL, Respondent, v DONALD BUEL, Appellant. [693 NYS2d 259] —Peters, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered October 9, 1998, which, in a proceeding pursuant to Family Court Act article 6, denied respondent's motion to vacate an order of contempt entered upon his default.

As a result of a petition filed with Family Court on May 19, 1998 alleging violation of a prior order of Family Court (hereinafter the contempt petition), an order to show cause was issued on May 20, 1998. The order to show cause, however, failed to name respondent as the person who was required to appear and mistakenly set the return date as May 17, 1998. This clerical error was corrected by the court with its issuance of an amended order to show cause mailed on May 21, 1998 directing the respondent to appear on June 17, 1998. At such

time, respondent had not obtained counsel to represent him on this petition.

On June 9, 1998, respondent filed two petitions against petitioner. One alleged, *inter alia,* that she had interfered with his visitation rights; the other sought to modify a prior order of custody. In connection with these two petitions, respondent retained attorney Larisa Obolensky to represent him and an order to show cause dated June 10, 1998 was issued and mailed by the court. Again, Family Court made numerous errors. It incorrectly captioned the proceeding as the contempt petition, despite the proper designation of a new docket number, and incorrectly ordered *respondent* to appear on July 1, 1998. Respondent received the incorrect order to show cause in the mail on June 15, 1998, two days before his scheduled appearance on the contempt petition. He contends that he believed, due to the incorrect caption and order to appear, that the contempt petition was now adjourned from June 17, 1998 to July 1, 1998, despite the copy of *respondent's* petition annexed thereto. On that date, respondent called Obolensky and left a message on her answering machine that he had received the papers from court and that he did not have to be in court until July 1, 1998. Obolensky was out of the office from June 11 through June 16 and unable to receive telephone messages. It was not until Obolensky's return and receipt of the erroneous order to show cause that Family Court issued an amended order to show cause correctly docketing and referring to respondent's petition while ordering the *petitioner* to appear on July 1, 1998.

Respondent failed to appear on the June 17, 1998 return date of the contempt petition and an inquest was held. Based upon petitioner's testimony, Family Court determined that respondent had violated its prior custody order, sentenced him to 60 days in jail and terminated the suspension of a 30-day sentence on a prior contempt petition, ordering such sentences to run consecutively. Respondent, through counsel, immediately moved to vacate the default and stay the commitment. At a hearing held on August 25, 1998 regarding the vacatur, he testified to the aforementioned facts underlying his confusion and admitted that he never looked beyond the incorrectly captioned order to show cause. He further denied having committed any of the acts alleged in petitioner's contempt petition and presented the testimony of his foreman who confirmed that *respondent* originally asked for permission to be absent from work on June 17 so that he could appear in Family Court, later advising that such court date was adjourned to July 1.

Family Court denied the motion to vacate, finding respon-

dent's claim of mistake incredible. We granted a stay of the order of contempt pending the determination of respondent's appeal from the order denying his motion to vacate.

To be successful, respondent had to demonstrate that there existed both a reasonable excuse for his default and a meritorious defense to the underlying claim (*see,* CPLR 5015 [a] [1]; *Steel Krafts Bldg. Materials & Supplies v Komazenski,* 252 AD2d 731; *Bonded Concrete v Audino,* 244 AD2d 647; *Select Papers v College Promotions Corp.,* 241 AD2d 675, *lv dismissed* 91 NY2d 956). Although Family Court's determination was based upon an exercise of its discretion which should not be disturbed by us if supported by the record (*see, Stow Mfg. Co. v F & K Supply,* 232 AD2d 958), we find the facts to warrant a reversal. Noting a preference that disputes be resolved on their merits (*see, All States Med. Placement Agency v Kripke,* 223 AD2d 953, 954) and that the confusion emanated not just from respondent's failure to read the full set of papers annexed to the incorrectly captioned order to show cause but also from the continued issuance of incorrect notices from the court, we find respondent's testimony, buttressed by that of his foreman and affidavit of counsel, to sufficiently explain his confusion. With no intent to deliberately default or abandon the action (*cf., Northeastern Harness Horsemen's Assn. v Saratoga Harness Racing,* 216 AD2d 746), no evidence that prejudice would ensue by a vacatur and a finding that a meritorious defense was raised by his denial, a reversal is warranted.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion granted, order entered June 17, 1998 vacated and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.