■ In the Matter of GAEL K. BRYANT-BOSSHOLD, Appellant, v BARRY L. BOSSHOLD, Respondent. [709 NYS2d 709] —Mercure,

J. P. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered May 5, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

By order entered January 30, 1995, Family Court granted the parties joint custody of their two children, with primary physical custody to respondent. On appeal, this Court affirmed (232 AD2d 762). Then, in June 1998, the parties entered into a stipulation, which was incorporated into an order of Family Court entered July 20, 1998, continuing the joint legal custody but providing that petitioner would have primary physical custody of the parties' daughter while respondent would continue having primary physical custody of their son. A mere five weeks later, petitioner filed a *pro se* petition seeking to modify the 1995 order so as to grant her primary physical custody of the parties' son upon the wholly conclusory grounds that the "conditions of that order have never worked out" and the child is being raised in "an unhealthy emotional environment," has suffered emotionally, goes long periods of time without receiving "proper academic assistance," has unmet medical needs and is receiving inadequate sleep on school nights. Then, in December 1998, petitioner filed an amended petition, this time alleging a change of circumstances from the time of the July 1998 order in that respondent had refused to allow his son to visit with petitioner for three three-week periods during September, November and December 1998 and at unidentified times respondent has screamed and yelled at the children, the children have displayed anger and hostility after visiting with respondent, the parties' son has not continued with court-ordered counseling and respondent has failed to "keep [the son's] hygiene satisfactory" and fails to attend to his medical needs. Family Court dismissed the petition without a hearing and petitioner appeals.

We affirm. A petition to modify an existing custody arrangement must allege facts which, if established, would afford a basis for relief. Although a party is entitled to a modification of a custody order if it is shown that the change will substantially enhance the child's welfare and the custodial parent is unfit or less fit to continue as custodian (*see, Matter of Stoesser v Dunham*, 260 AD2d 958), the party seeking such a modification must make a sufficient evidentiary showing in order to warrant a hearing (*see, David W. v Julia W.*, 158 AD2d 1, 6-7; *see also, Matter of Jones v Stone*, 267 AD2d 1054; *Matter of Wurmlinger v Freer*, 256 AD2d 1069).

We agree with Family Court that no such showing was made

in this case. The majority of the allegations of the petition are so devoid of specificity as to raise no genuine issue for resolution by the court. Further, although providing some specificity, the allegations concerning respondent's interference with visitation fail to identify the extent of any deviation from the existing visitation schedule. We also note that Family Court's July 1998 order required counseling only so long as the counselor deemed it to be necessary, and petitioner made no showing that the parties' son still required counseling.

Petitioner's remaining contentions have been considered and found to be similarly unavailing.

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.