■ In the Matter of JOSEPH BURNS et al., Respondents, v SUSAN CARRIERE-KNAPP, Appellant. [717 NYS2d 398] —Rose, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered November 10, 1998, which, *inter alia*, denied respondent's motion to vacate the default judgment entered against her.

This case arises out of the disputed custody of two brothers who, in December 1989, at the ages of four and six years, were adopted by their maternal grandfather, John Knapp, and his wife, respondent. In February 1996, respondent executed a written agreement giving full custody of the children to their aunt, petitioner Patricia Burns (hereinafter petitioner). On May 31, 1996, petitioners filed for custody in Family Court. On June 6, 1996, respondent took the children from Madison County to her home in California. On the same day, petitioners obtained a temporary order of custody from Family Court. In California, respondent also filed a petition for custody of the children.* By order entered August 20, 1996, Family Court scheduled a custody hearing for September 3, 1996. On that date, after respondent failed to appear, Family Court, pursuant to respondent's request, adjourned the hearing to September 5, 1996 and notified her of the adjournment. Respondent did not appear on the adjourned date and instead submitted various documents. Based on testimony at the hearing held in respondent's absence, Family Court issued an order awarding permanent custody of the children to petitioners. On May 22, 1998, respondent moved for an order vacating the default judgment that had been rendered against her. After a hearing, Family Court denied the motion on the grounds that respondent had presented neither a reasonable excuse for her default nor a meritorious claim for custody of the children. Respondent appeals.

We affirm. "Whether a party seeking to vacate a default judgment has demonstrated a reasonable excuse for the default and a meritorious defense to the underlying claim is a determination within [the court's] sound discretion and will not be disturbed if supported by the record" (*Agway, Inc., AAP New England v Chichester*, 259 AD2d 880; *see*, CPLR 5015 [a] [1]; *Matter of Donald LL.*, 210 AD2d 768). The moving party must also demonstrate that the default was not willful and without prejudice to the opposing party (*see*, *Wilcox v U-Haul Co.*, 256 AD2d 973, 974).

In a thorough and well-reasoned decision, Family Court correctly concluded that respondent failed to establish these elements. The excuse proffered for respondent's default is that her counsel in California had advised her not to appear at the

* Pursuant to the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A), a Commissioner of the Superior Court in Orange County, California, subsequently declined jurisdiction of this matter and, by a September 3, 1996 order, referred the case to the jurisdiction of the courts of this State.

custody hearing before Family Court due to the pendency of the custody proceeding in California Superior Court. Although respondent alleges that she did not learn of the California court's refusal to take jurisdiction of the matter until after the adjourned hearing in New York, it is undisputed that respondent made a conscious and willful decision not to appear. Once Family Court expressly rejected the pendency of the California proceeding as a reason not to hold the hearing on the adjourned date, it was unreasonable for respondent to follow her counsel's advice and her assumption of its correctness cannot excuse the default (*see, Lounsbury v Kiehl*, 255 AD2d 774).

Respondent also failed to show that she has a viable defense to petitioner's application for custody of the children. An award of custody is based on a determination of which disposition would be in the best interests of the children (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 93; *Matter of White v White*, 267 AD2d 888; *Matter of Farrelly-Brew v Moore*, 221 AD2d 1000). Although the custody agreement executed by respondent was not binding on Family Court, such agreements are given priority in initial determinations of custody to assure stability in the children's lives (*see, Eschbach v Eschbach*, 56 NY2d 167, 171). In addition, respondent's contention that she revoked the agreement by removing the children to California, which Family Court rejected, does not establish that it would be in the best interests of the children to be placed in her custody. As the result of respondent's voluntary surrender, the children have been in petitioners' custody for more than four years, and the record supports Family Court's finding that they are happy and thriving in that family setting. Moreover, as Family Court found that respondent only reasserted custody of the children in order to continue receiving their Social Security payments, her mere allegation that she is their adoptive parent fails to demonstrate a basis for awarding her custody.

Finally, respondent fails to show that the 20-month delay in making her motion to vacate the default was not willful, lengthy or prejudicial to petitioners' case. She has provided no plausible explanation for the delay nor has she shown that it was inadvertent. Accordingly, Family Court acted within its discretion in denying her motion.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.