■ In the Matter of LYNN CHITTICK, Appellant, v MARK R. FARVER, Respondent. [719 NYS2d 305] —Lahtinen, J. Appeals from two orders of the Family Court of Albany County (Maney, J.), entered November 11, 1999, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent, married in September 1982, had three children, a daughter born in 1983, a son born in 1987, and a daughter born in 1989. The parties were divorced in September 1998 after a six-day trial devoted for the most part to the issue of custody of the children. At the conclusion of the trial, Supreme Court rendered a decision finding, inter alia, petitioner's testimony in the divorce action "totally unworthy of belief" and that she "continually attempted to manipulate her children and the courts * * * [by] misleading them as to the history and sequence of events relevant to the custody of the subject children." The divorce decree provided, inter alia, that respondent was to have sole legal and physical custody of the three children, petitioner having visitation with the chil-

dren in accordance with schedule A annexed to the divorce judgment entitled "Visitation Schedule and Conditions." Supreme Court also found it necessary to enter a permanent order of protection, which was amended on October 21, 1998 in favor of respondent and the children.

In August 1999 petitioner, who lived in Tompkins County, filed a petition for modification in Albany County Family Court[1] seeking custody of the children. In the petition it was alleged that the oldest daughter lives with petitioner resulting in the physical separation of the children, the son had threatened suicide three times and the two younger children should move to her home in Tompkins County due to "extreme emotional and visitation stress."[2] Respondent filed a cross petition for custody of only the younger children, alleging that petitioner violated the terms of the divorce judgment and the order of protection. Petitioner responded with an answer to the cross petition for custody with a "supplemental petition" containing an additional allegation that the younger children expressed their wish to live with their sister in petitioner's home. Family Court ordered an investigation and received a report from Child Protective Services[3] (see, Family Ct Act § 1034) and, after several court appearances regarding the petition and supplemental petition[4] but without a hearing, dismissed the matter for failure to prove a change in circumstances and failure to state a cause of action. Petitioner appeals arguing that dismissal of her petition and supplemental petition without a hearing was error and an abuse of discretion.

While this appeal was pending respondent brought an enforcement proceeding claiming that petitioner again violated the terms and conditions of the divorce judgment by failing to return the two younger children after a visitation period over the Thanksgiving weekend. The parties reached a settlement of this enforcement proceeding culminating in the February 8, 2000 order of Family Court which provided for a change in the visitation schedule that accommodated the fact that the oldest daughter was living with her mother in Tompkins County but

1. Respondent and the children resided in Albany County.

2. The petition contained in the record appears incomplete as the paragraph detailing the alleged change in circumstances contains an unfinished sentence.

3. The undated report from the Albany County Department of Social Services was not included in the record on appeal but annexed to respondent's brief as an exhibit, without objection from petitioner.

4. Respondent's brief acknowledges that the transcripts of three appearances in Family Court pertaining to this petition are not contained in the record.

otherwise reaffirmed the custody and visitation provisions of Supreme Court's judgment of divorce. Respondent argues that the parties' resolution of the enforcement proceeding renders this appeal moot. Alternatively, respondent argues that petitioner's modification requests raise no credible issues regarding a change in circumstances and that Family Court had sufficient information before it to properly dismiss the matters without a hearing.

Initially, since neither the transcript of the Family Court proceeding nor the February 8, 2000 order establishes that petitioner unequivocally relinquished her right to continue to press this appeal, we do not find her appeal to be moot (*see, Matter of Rush v Rush*, 201 AD2d 836, 837).

Turning to the merits of petitioner's argument, we are guided by the well-settled principle that the primary concern in child custody cases is the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171). In custody modification cases, an established custody arrangement will not be disturbed unless a change in circumstances is demonstrated requiring a modification to ensure the children's best interests (*see, Matter of Royea v Hutchings*, 260 AD2d 678). Generally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing (*see, Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718) or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the children's best interests (*see, Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822).

With regard to the two younger children, our review of this record leads us to the conclusion that Family Court properly dismissed petitioner's applications for modification without a hearing. The crux of petitioner's applications is that the children are separated and should be reunited (*see, Matter of Ebert v Ebert*, 38 NY2d 700, 704). However, this split custodial arrangement can hardly be deemed a "change in circumstance" since it was in existence even before Supreme Court's September 16, 1998 divorce decree and continued for a year prior to petitioner's initial modification filing. Next, petitioner's conclusory claim that the parties' son has threatened suicide three times was adequately answered by the Family Court Act § 1034 report. Finally, the remaining allegations in the initial and supplemental petitions are "so devoid of specificity as to raise no genuine issue for resolution by the court" (*Matter of Bryant-Bosshold v Bosshold, supra*, at 719). Accordingly, we find that

petitioner has failed to make a sufficient evidentiary showing to warrant a hearing and agree that the modification petitions were properly dismissed insofar as they pertained to the two younger children (see, *Matter of Jones v Stone*, 267 AD2d 1054; *Matter of Wurmlinger v Freer*, 256 AD2d 1069; *David W. v Julia W.*, 158 AD2d 1, 6-7).

However, with regard to the parties' oldest daughter, the record indicates that she left respondent's home to live with petitioner prior to the September 16, 1998 judgment of divorce which granted custody to respondent and continuously remained at petitioner's residence despite Family Court's February 8, 2000 order which resolved respondent's subsequent enforcement proceeding by, *inter alia*, reaffirming the custody provisions of Supreme Court's judgment of divorce. Respondent does not contest her de facto custody situation and, in fact, his cross petition seeks custody of only the two younger children. While the fact that a child moves from one parent's house to another parent's house would warrant a hearing in most cases (see, e.g., *Matter of Alice C. v Bernard G. C.*, 193 AD2d 97), here the oldest daughter has lived with petitioner for the past two years and has attended school in Tompkins County, respondent acknowledges that the preference of his oldest daughter (who will reach the age of majority early in 2001) to live with her mother is an important consideration and he has not objected to the de facto custody situation nor requested a hearing in an effort to enforce his custody rights regarding his oldest daughter granted in the judgment of divorce. All of these facts provided Family Court with a sufficient basis to depart from the general rule that children should be kept together (see, *Matter of Copeland v Copeland*, 232 AD2d 822, 823, *lv denied* 89 NY2d 806) and to modify the existing custody order by awarding custody of the parties' oldest daughter to petitioner without a hearing (see, *Matter of Glenn v Glenn*, 262 AD2d 885, 887, *lv denied and dismissed* 94 NY2d 782; *Matter of Davies v Davies*, 223 AD2d 884, 886; *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822, *supra*).

Additionally, respondent's agreement to resolve the enforcement proceeding by implicitly consenting to the split custodial arrangement and incorporating visitation rights with his oldest daughter into the February 8, 2000 Family Court order[5] makes remittal of this matter to Family Court unnecessary. As

---

5. The applicable portion of that order reads as follows: "Ordered, that as a further condition * * * [the parties' oldest daughter] shall visit [respondent] at his home one weekend per month from Friday through Sunday said

the record is sufficiently complete to allow this Court to make this determination in the interest of judicial economy and to avoid further delay (*see, Matter of Hilliard v Peroni*, 245 AD2d 1107; *Matter of Titus v Guzzey*, 244 AD2d 684, 685, n, *appeal dismissed* 91 NY2d 921, *cert denied* 523 US 1139; *Matter of Hall v Keats*, 184 AD2d 825, 826), we award legal and residential custody of the parties' oldest daughter to petitioner with visitation to respondent as provided in Family Court's February 8, 2000 order.

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the petitions as they pertain to the parties' oldest child; petitions granted to the extent of awarding custody of the parties' oldest child to petitioner and visitation to respondent; and, as so modified, affirmed.

weekend to be scheduled when [the parties' son and younger daughter] are in [respondent's] care and custody rather than on a weekend on which [petitioner] has visitation with them so the * * * [parties'] children will have the opportunity to be together with [respondent] one weekend per month."