■ In the Matter of KEVIN J. BRENNAN, Appellant, v RACHEL E. ANESI, Respondent. [719 NYS2d 395] —Rose, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered March 23, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner and respondent are the parents of a child born in 1993. Apparently, by a prior order of Family Court, respondent was awarded sole custody of the child and petitioner was awarded visitation rights. Petitioner commenced this proceeding in March 2000 seeking to modify the prior order to award him sole or joint custody of the child. Family Court dismissed the petition without a hearing finding that "the petition [was] facially insufficient to warrant a hearing into the relief sought." Petitioner now appeals.

Petitioner contends that Family Court abused its discretion in dismissing his petition without a hearing where the petition was sufficiently particular to apprise the parties and the court of the nature of the petition and alleged matters relating to the best interest of the child. We find his contention unpersuasive. "A petition to modify an existing custody arrangement must allege facts which, if established [at an evidentiary hearing], would afford a basis for relief" (*Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718; *cf., Matter of Williams v Mullineaux*, 271 AD2d 869). The instant petition alleges that there has been a change of circumstances insofar as petitioner "is no longer provided additional visitation," respondent has notified petitioner that upon graduation from college in May 2000 she will be moving to North Carolina with her new husband, respondent told petitioner that even if she does not move to North Carolina, she plans to attend graduate school out of the area and petitioner is available to provide daily child care pursuant to the visitation order.

Here, petitioner's allegations regarding respondent's plans to relocate are devoid of specificity, remote and, at this point, raise no genuine issue for resolution by Family Court. Additionally, petitioner's allegations regarding visitation also lack specificity and, in any event, are not sufficient to warrant the modification he is seeking—an award of sole or joint custody. Consequently, we find that Family Court properly dismissed petitioner's modification petition without a hearing.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.