■ In the Matter of LAURIE BB., Respondent, v LARRY BB., Appellant. (And Two Related Proceedings.) [719 NYS2d 905] —Rose, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered September 1, 1999, which, *inter alia*, dismissed respondent's applications, in three proceedings pursuant to Family Court Act article 6, for modification of a prior order of visitation.

Family Court granted sole custody of the parties' three children to petitioner and periodic visitation to respondent in June 1998, but then terminated respondent's overnight and Wednesday visitation in September 1998 when he violated the prior order. Respondent then filed petitions alleging that petitioner

had denied him visitation during the summer of 1998 and requesting that Family Court modify its September 1998 order of visitation by restoring his overnight visitation. Following a hearing, Family Court denied respondent's petitions and this appeal ensued.

Subsequent to the filing of the notice of appeal, Family Court issued an order dated September 20, 2000 indefinitely suspending respondent's visitation. In addition, an abuse and neglect proceeding was commenced against respondent by the Cortland County Department of Social Services, Family Court issued a temporary order of protection directing respondent to have no contact with his children and Family Court then determined, following a fact-finding hearing, that respondent had abused and neglected the children. In view of these developments, the Law Guardian now moves to dismiss the appeal as moot.

Respondent opposes dismissal, initially contending that the Law Guardian is not a party to this appeal and therefore lacks standing to move for dismissal. However, we perceive no necessity for the children's representative in the underlying proceeding to be aggrieved by the determination appealed from in order to fully participate in the appeal (*see, Matter of Tiffany S. v Otsego County Dept. of Social Servs.*, 278 AD2d 607). Respondent also contends that the September 20, 2000 order fails to state that it supercedes or replaces the prior order. However, the September 2000 order expressly suspends respondent's visitation indefinitely. Consequently, a decision on this appeal will be academic even though Family Court's findings of fact concerning respondent's abuse of the children and its temporary order of protection could yet be terminated following a dispositional hearing, because respondent would not then be entitled to visitation in the absence of a further Family Court order. Accordingly, the Law Guardian's motion to dismiss respondent's appeal is granted.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the motion is granted and appeal dismissed, as moot, without costs.