■ In the Matter of LYNN ODDY, Respondent, v GARY ODDY, Appellant. [745 NYS2d 584] —Cardona, P.J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered January 18, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

Petitioner and respondent were married in 1982 and divorced in 1993. Their daughter was born in 1987. In 1996, following a trial, a prior joint custody order was modified to provide, inter alia, that the parties would share physical custody of the child on a weekly basis, with four days of physical custody to petitioner, the mother, and three to respondent, the father. In June 2000, petitioner filed two petitions, one alleging that respondent violated the 1996 modification order and the other seeking, inter alia, sole physical custody. Family Court directed mental health examinations of the parties, home investigations and a report from the child's treating social worker. Additionally, the court conducted an in camera interview of the child, who was 13 years old at the time. Following trial, the court, inter alia, continued joint legal custody, however, awarded physical custody of the child to petitioner and awarded respondent visitation on alternate weekends, alternate holidays and two weeks each summer. Respondent appeals, contending that

Family Court abused it discretion by modifying the custodial order in the absence of changed circumstances.*

An existing custody arrangement will not be altered absent a showing of changed circumstances demonstrating a real need for a change to ensure the child's best interest (*see, Matter of Chittick v Farver*, 279 AD2d 673, 675; *Matter of Markey v Bederian*, 274 AD2d 816, 817; *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903). We find that such a change in circumstances has been established herein when considering the breakdown in communication between respondent and the child, which has severely affected his ability to meet her emotional needs, and her strong desire to reside with petitioner.

The evidence revealed that the child's conversations with respondent are poor or nonexistent and that she usually spends her time with respondent at friends' homes or alone in her room. Respondent indicated that his relationship with his daughter had deteriorated in the six-month period preceding the hearing, noting that she often withdrew to her room. Petitioner testified that counseling became necessary because the child experienced depression and would often cry when it was time for her to return to respondent. The child's counselor testified that, based upon her observations of their interaction during joint counseling sessions, respondent, despite his desire to do so, lacks the ability to communicate effectively with his daughter. On the other hand, the counselor opined that the child has a real sense of family when she is with petitioner because they do things together, have similar interests and talk openly with each other. Moreover, the child has the attention and support of petitioner's relatives who live close by and spend time with her. In that regard, respondent does not spend much time with his siblings or his adult children from a previous marriage and, therefore, when the child is with him she experiences loneliness and no real sense of family.

Furthermore, the record is clear that the child has consistently expressed her preference to reside with petitioner. Respondent acknowledged that the child has repeatedly expressed this desire since she was six years old. That expression is some indication "of what is in the child's best interests" (*Eschbach v Eschbach*, 56 NY2d 167, 173) and, at her current age, is entitled to greater weight. Given her mind set, the court-appointed psychologist opined that it was in the child's best interest to change physical custody. He further observed

---

* Since neither the order appealed from nor the parties' briefs reference the violation petition, we will only address the issues pertaining to the modification of custody petition.

that forcing the child to remain with respondent against her will would likely damage her relationship with him. Viewing the totality of the circumstances herein, we find a sound and substantial basis in the record to support Family Court's finding of sufficient changed circumstances demonstrating a need for a change in custody to enhance the child's emotional development and, therefore, we will not disturb that determination (see, Matter of Von Dwingelo v Von Dwingelo, 279 AD2d 663, 664; Matter of Van Hoesen v Van Hoesen, supra at 904).

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.