Crew III, J.
Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered November 22, 2002, which dismissed petitioner’s applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and to hold respondent in violation of said order.
The parties are the parents of a child born in 1990. By order entered in October 2001, and insofar as is relevant to this appeal, Family Court continued sole custody of the child with respondent and awarded one hour of supervised visitation each week to petitioner. Pursuant to the terms of such order, neither party was to “do or say anything, or allow anyone else to do or say anything, that would cause the child to lose the natural love and affection of the other parent.” Thereafter, in September 2002, petitioner filed a modification petition seeking to be awarded joint custody of the child and, one month later, filed a violation petition alleging that respondent had violated the terms of Family Court’s October 2001 order by permitting her spouse, Robert Harrigan, to physically and verbally abuse petitioner in the child’s presence. Family Court summarily dismissed both petitions, prompting this appeal by petitioner.
We affirm. Initially, with regard to the petition seeking joint custody, the case law makes clear that “[a] petition to modify an existing custody arrangement must allege facts which, if *840 established, would afford a basis for relief’ (Matter of Bryant-Bosshold v Bosshold, 273 AD2d 717, 718 [2000]; see Matter of Audrey K. v Carolyn L., 294 AD2d 624 [2002]; Matter of Brennan v Anesi, 279 AD2d 840 [2001]). Thus, petitioner bore the burden of setting forth a sufficient evidentiary basis to trigger a hearing (see Matter of Bryant-Bosshold v Bosshold, supra at 718). This he failed to do. The mere fact that petitioner has now recanted his prior allegation that he abused the child and his unsubstantiated assertion that the child was denied counseling to deal with the effects of petitioner’s illness do not establish a sufficient change in circumstances to warrant a change in custody. Simply stated, petitioner has failed to allege, much less demonstrate, how the proposed change in custody would be in the child’s best interest. Under these circumstances, dismissal of the modification petition without a hearing was warranted.
As to the violation petition, Harrigan was not a party to Family Court’s October 2001 order and petitioner, who concedes that respondent was not present during most of the allegedly hostile encounters between petitioner and Harrigan, has failed to allege that respondent encouraged or permitted Harrigan to berate petitioner in the fashion alleged. Absent some allegation of wrongdoing on the part of respondent, petitioner failed to demonstrate that any basis exists for finding respondent to be in violation of Family Court’s prior order. Accordingly, we cannot say that Family Court erred in summarily dismissing the violation petition.
Cardona, P.J., Feters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.