■ In the Matter of BONNIE LYNN, Respondent, v ARTHUR LYNN, Appellant. (And Another Related Proceeding.) [789 NYS2d 756]—

Mugglin, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered August 11, 2004, which, inter alia, dismissed respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children, the youngest of whom was born in 1994 and is the subject of the instant custody proceedings. This dispute was initially commenced by the mother petitioning for sole custody of the child in January 2003. That petition was dismissed by Family Court. After physically separating in March 2003, both parties cross-petitioned for custody and also filed family offense petitions against one another. As incorporated by an order of Family Court entered in

September 2003, the parties entered into a stipulation, whereby custody of the child was awarded to the mother with supervised weekly visitation granted to the father subject to the terms of a no-contact order of protection issued in the mother's favor. Additionally, all family offense petitions were voluntarily withdrawn and dismissed.

In February 2004, the father petitioned to modify the order of custody and visitation. Following a hearing in May 2004, Family Court extended the father's visitation with the child, but did not otherwise modify the custody arrangement in the previous stipulation and order. In July 2004, the mother sought an extension of the order of protection, which expired by its own terms in August 2004, based on allegations that the father had engaged in conduct that had frightened the child. The father cross-petitioned for custody, denying the mother's accusations and alleging that the mother's ongoing disparagement of him in front of the child constituted a change in circumstances sufficient to modify the existing custody order. Family Court disagreed and dismissed both petitions for failure to state a cause of action. The father appeals.

We affirm. "A petition to modify an existing custody arrangement must allege facts which, if established, would afford a basis for relief" (*Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718 [2000]; *see Matter of Ritchie v Waters*, 1 AD3d 839, 839-840 [2003]). To be entitled to custody modification, it was incumbent upon the father to proffer evidence, sufficient to trigger a hearing, that would indicate "changed circumstances demonstrating a real need for a change to ensure the child's best interest" (*Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]; *see Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001]).

As was found by Family Court, the father's evidentiary submissions, offered just two months after the court's last ruling on the same issues, do not allege any new developments, such as a continued deterioration in the parties' relationship, interference with the father's visitation or a breakdown in communication between the mother and the child, that adequately rise to this level. Rather, the father's supporting affidavits, which appear to be singularly concerned with responding to the mother's charges in her petition, simply reiterate his own accusations, most of which are identical to or typical of the charges the parties have leveled at each other since this custody proceeding began. To the extent that the father attempts to identify recent, specific circumstances supporting his petition, we are not persuaded that statements that recent visitations with the

child have gone well or that the child has gained significant weight while with the mother are sufficient to compel a finding that the mother is an unfit parent or that a custody award to the father will substantially enhance the child's welfare. For these reasons, we agree with Family Court that the father's allegations are so lacking in specificity as to fail to provide any genuine issue for judicial resolution and, thus, the father's petition was properly dismissed without a hearing (*see Matter of Ritchie v Waters, supra* at 840; *Matter of Reese v Jones*, 279 AD2d 939, 940 [2001]; *Matter of Bryant-Bosshold v Bosshold, supra* at 718-719).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.