■ In the Matter of Shelly L. Bjork, Appellant, v Erik T. Bjork, Respondent. [803 NYS2d 759]—

Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered June 1, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties were divorced in 1999 and have one child, born in 1996. In 2001, respondent successfully moved to modify the judgment of divorce and secured sole legal custody of the child following a hearing during which several witnesses testified as to petitioner's financial instability and parental unfitness. Thereafter, petitioner commenced a proceeding seeking to modify the custody order, alleging that respondent intended to relocate downstate due to downsizing at his present place of employment, leaving the child in the custody of his fiancée. Family Court dismissed the petition without a hearing, prompting this appeal.

During the pendency of this appeal, petitioner commenced another modification proceeding, alleging essentially the same facts as the petition before us. Although that petition was also summarily dismissed without prejudice by Family Court, we decline respondent's invitation to treat the instant appeal as moot under the particular circumstances presented (*see Matter of Shaw v Antes*, 274 AD2d 679, 681 [2000]; *compare Matter of Laurie BB. v Larry BB.*, 280 AD2d 709, 710 [2001]; *Matter of Coakley v Sanders*, 247 AD2d 648 [1998]).

Turning to the merits, we disagree with petitioner's contention that she demonstrated a change in circumstances in her petition and supporting papers sufficient to warrant a hearing on the matter. "A petition to modify an existing custody arrangement must allege facts which, if established, would afford a basis for relief" and "the party seeking such a modification must make a sufficient evidentiary showing in order to warrant a hearing" (*Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718 [2000] [citations omitted]). That evidentiary showing must indicate "changed circumstances demonstrating a real need for a change to ensure the child's best interest" (*Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]).

Here, petitioner's remote, conclusory and unsubstantiated allegation that respondent may soon relocate does not constitute changed circumstances evidencing any infirmity in the present custody arrangement (*see Matter of Audrey K. v Carolyn L.*, 294 AD2d 624, 625 [2002]; *Matter of Brennan v Anesi*, 279 AD2d 840, 841 [2001]). Nor are we persuaded that petitioner's additional assertion that her relationship with the child has improved since respondent was awarded custody compels a finding that the child's welfare will be substantially enhanced in her custody. As petitioner has therefore not made the required evidentiary proffer, no hearing was required and Family Court's dismissal of the petition upon consideration of petitioner's papers alone was proper.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.