■ In the Matter of LEROY J. TAYLOR, Respondent, v TAMMY J. STAPLES, Appellant. (Proceeding No. 1.) In the Matter of TAMMY STAPLES, Appellant, v LEROY TAYLOR, Respondent. (Proceeding No. 2.) [822 NYS2d 649]—

Rose, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Potter, J.), entered June 24, 2005, which, in proceeding No. 1 pursuant to Family Ct Act article 6, denied respondent's motion to vacate a prior order of custody, and (2) from an order of said court, entered October 6, 2005, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for modification of a prior order of custody.

When the parties were divorced in 1992, the mother was awarded custody of their two children, born in 1988 and 1990. The children resided with her until June 2004, when she decided to move from New York to Washington. They refused to accompany her and moved in with the father, who then petitioned in proceeding No. 1 for sole custody on the ground that the relocation constituted a significant change in circumstances. The mother did not appear at the custody modification hearing but, instead, submitted a letter to Family Court acknowledging the children's preference to remain in New York and live with the father. Family Court considered her failure to appear to be a default and awarded custody to the father. Almost a year later, the mother moved to vacate this default and Family Court denied the motion. The mother then petitioned in proceeding No. 2 for modification of the custody order. Family Court dismissed this petition without conducting a hearing. The mother now appeals the denial of her motion to vacate the default and the dismissal of her subsequent modification petition.*

As to proceeding No. 1, the determination of whether to relieve a party of a default is a matter left to the sound discretion of Family Court, and the party seeking such relief must show a reasonable excuse for the default and a meritorious defense (see Matter of Burns v Carriere-Knapp, 278 AD2d 542, 543 [2000]; Matter of Buel v Buel, 263 AD2d 561, 563 [1999]; Matter of Shaune TT., 251 AD2d 758 [1998]). Here, as Family Court observed, the mother's claim that she defaulted because she was distraught and did not understand the proceedings is belied by her letter to the court. Nor is there merit to her claim that Family Court could not determine the children's best interests in an uncontested proceeding. Her letter conceded the father's and the Law Guardian's assertions that the children wished to remain with the father rather than move to Washington.

---

* Inasmuch as the parties' older child became 18 years of age during the pendency of this appeal, the issue of the custody of that child is now moot (see Slater-Mau v Mau, 4 AD3d 658, 659 [2004]).

Similarly unpersuasive is the mother's argument that Family Court erred in dismissing her modification petition in proceeding No. 2 without conducting an evidentiary hearing. To warrant a hearing, she was required to provide sufficient evidence in support of her petition to show that there had been a significant change in circumstances " 'demonstrating a real need for a change to ensure the [children's] best interest[s]' " (*Matter of Bjork v Bjork*, 23 AD3d 784, 785 [2005], *lv denied* 6 NY3d 707 [2006], quoting *Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]; *see Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718 [2000]). Her petition and supporting affidavit, however, make only conclusory claims with insufficient specificity and evidentiary support to warrant a hearing (*see Matter of Bryant-Bosshold v Bosshold, supra* at 719).

Finally, we find the mother's claim that she was denied the effective assistance of counsel to be wholly without merit.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.

