■ In the Matter of DARRYL D. HALL, Appellant, v DEANNA M. HALL, Respondent. [879 NYS2d 221]—

McCarthy, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered November 30, 2007,

which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

The parties are the parents of two children (born in 1998 and 2000). On February 6, 2007, following a fact-finding hearing, Family Court awarded them joint custody with primary physical custody to respondent (hereinafter the mother) and visitation to petitioner (hereinafter the father). Pursuant to an August 3, 2007 order, which stemmed from modification petitions filed by the father subsequent to the hearing, the February 2007 order was continued. Approximately seven months after the fact-finding hearing and less than seven weeks after the August 2007 order, the father filed another modification petition seeking physical custody. Family Court dismissed this petition without a hearing, prompting this appeal. We affirm.

To warrant a hearing, the father was required to provide sufficient evidence in support of the petition to show that there had been a change in circumstances since the prior fact-finding hearing and ensuing orders demonstrating a real need for a change to ensure the children's best interests (*see Matter of Taylor v Staples*, 33 AD3d 1089, 1091 [2006], *lv dismissed and denied* 8 NY3d 830 [2007]; *Matter of Bjork v Bjork*, 23 AD3d 784, 785 [2005], *lv denied* 6 NY3d 707 [2006]; *Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]; *Matter of Lynn v Lynn*, 15 AD3d 765, 766 [2005]). Here, in dismissing the father's latest petition without a hearing, Family Court noted its familiarity with the history of this case and the recent "full plenary hearing" where similar-type allegations and concerns as alleged in the instant petition were "fully flushed" out. Notably, according to Family Court, the most recent allegations, even if accepted as true, did not cause the court to reconsider its recent order or demonstrate a change in circumstances. Under these circumstances, the father's petition was properly dismissed without a hearing (*see Matter of Lynn v Lynn*, 15 AD3d at 766-767; *Matter of Reese v Jones*, 279 AD2d 939 [2001]).

Rose, J.P., Kane, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.