■ In the Matter of TRACEY MARQUIS, Appellant, v THOREN WASHINGTON, Respondent. [927 NYS2d 688]—

Lahtinen, J.

The parties are the parents of a daughter (born in 1998). There is a history of many proceedings regarding the child occurring in at least two states and involving not only the parties, but also the maternal grandmother. For about six years the child resided in Florida with her maternal grandmother. Following a hearing, a Florida court awarded custody to respondent (hereinafter the father) in April 2007. The father lived with the child in Sullivan County and, in June 2009, Family Court issued an order after fact-finding permitting petitioner (hereinafter the mother), who ostensibly then lived in Massachusetts, to have daytime visitation one weekend per month. Eight months later, in February 2010, the mother commenced this proceeding seeking custody of the child. Family Court dismissed the petition without a hearing. The mother appeals.

We affirm. "To warrant a hearing, [the mother] was required to provide sufficient evidence in support of her petition to show that there had been a significant change in circumstances demonstrating a real need for a change to ensure the [child's] best interest[s]" (*Matter of Taylor v Staples*, 33 AD3d 1089, 1091 [2006], *lv dismissed and denied* 8 NY3d 830 [2007] [internal quotation marks and citations omitted]; *see Matter of Hall v Hall*, 61 AD3d 1284, 1285 [2009]; *Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]). As for the change in circumstances, the petition sets forth broadly, and only upon information and belief, that the child would now like to live with the mother, the child is stressed, she pulled out her eyelashes, and she is unhappy in her current circumstances. Family Court did not err in dismissing the petition since these conclusory contentions lacked sufficient specificity or evidentiary support to require a hearing (*see Matter of Taylor v Staples*, 33 AD3d at 1091; *Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]).

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.