■ In the Matter of DAVID J. JANUSZKA, Appellant, v LINA D. JANUSZKA, Respondent. (And Another Related Proceeding.) [934 NYS2d 622]—

Stein, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2001 and 2004). Pursuant to an order entered in October 2009, the mother had sole custody of the children and the father—who was then incarcerated—was entitled to communicate with the children by mail and by telephone, subject to certain terms and conditions. As relevant here, the mother was also obligated to provide the father with photocopies of the children's report cards within three business days of her receipt of them.

In 2010, the father commenced these proceedings seeking modification of the October 2009 order to, among other things, provide him with visitation upon his release from prison and to establish that the mother was in violation of the order by, among other things, failing to timely send him some of the children's report cards. The mother moved to dismiss both petitions. Family Court granted the mother's motion as to the modification petition, but denied her motion with regard to the violation petition. Following a fact-finding hearing, Family Court dismissed the violation petition and this appeal ensued.

We affirm. Initially, we reject the contention of the mother and the attorney for the child that this appeal is moot as a

result of a subsequent temporary order. That order expired upon its own terms on August 18, 2011 and explicitly provided that the prior order remained in full force and effect. Accordingly, resolution of this appeal will have immediate and practical consequences for the parties and the matter is not moot (*see Matter of Terwilliger v Jubie*, 84 AD3d 1520, 1521 [2011]).

Turning to the merits, we begin with a review of Family Court's dismissal of the father's modification petition. The only changes in circumstances alleged in this petition—which sought reasonable visitation with the children following the father's release from prison—were his transfer from one correctional facility to another closer to the children and his anticipated *future* release on parole.* Even accepting the father's allegations as true, they do not set forth a change in circumstances which would warrant the relief sought (*see Matter of Marquis v Washington*, 86 AD3d 753, 754 [2011]; *Matter of Hall v Hall*, 61 AD3d 1284, 1285 [2009]; *Matter of Lynn v Lynn*, 15 AD3d 765, 766-767 [2005]). Thus, Family Court properly dismissed the father's modification petition without a hearing.

Nor do we perceive any error in Family Court's dismissal of the father's violation petition. In order to prevail, the father was required to establish by clear and convincing evidence that the mother failed to comply with a legal mandate and that such failure "defeated, impaired, impeded or prejudiced" some right of his (*Matter of Lagano v Soule*, 86 AD3d 665, 666 [2011] [internal quotation marks and citation omitted]). Here, the mother acknowledged her obligation to send the father copies of the children's report cards within three business days of her receipt thereof and testified that she either personally mailed them within the required time or arranged for the school to send them to the father. In contrast, the father testified that, while he received the first and fourth quarter report cards, he did not receive the second quarter report cards and the ones for the third quarter arrived late. Family Court apparently credited the mother's testimony that she had complied with the prior order. Given Family Court's superior position to evaluate credibility, we defer to that determination (*see Matter of Gonzalez v Hunter*, 50 AD3d 1262, 1265 [2008]). Further, even if we were to credit the father's testimony, he has failed to demonstrate any prejudice. Therefore, Family Court correctly dismissed the father's violation petition (*see id.*).

Mercure, A.P.J., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that orders are affirmed, without costs.

---

* While the father sought modification with respect to other issues, he is limited by his brief wherein he only argues that there has been a change in circumstances with regard to visitation.