■ In the Matter of MELISSA EAMES, Appellant, v JAMES HOLDING et al., Respondents. [934 NYS2d 878]—

McCarthy, J.

Respondent Chemung County Department of Social Services (hereinafter DSS) removed the subject children (born in 2005 and 2006) from respondent Latasha Walker (hereinafter the mother) and filed a neglect proceeding against her. DSS temporarily placed the children with petitioner as an emergency foster care placement. Approximately six weeks later, DSS removed the children from petitioner's home because she had allowed their grandfather to move back into the home, despite her having previously obtained an order of protection against him for fear that he would harm her or her family. Petitioner commenced this proceeding seeking custody. Family Court dismissed the petition without a hearing based upon, among other things, petitioner's failure to allege facts sufficient to support a finding of extraordinary circumstances and that it was in the children's best interests to be in her custody. Petitioner appeals.

We affirm. A nonparent seeking custody bears a heavy burden of showing that extraordinary circumstances exist so as to deprive the parents of custody, and that it would be in the children's best interests to be in the nonparent's custody (see Matter of Loukopoulos v Loukopoulos, 68 AD3d 1470, 1470-1471 [2009]; Matter of VanDee v Bean, 66 AD3d 1253, 1254-1255 [2009]; Matter of Mercado v Mercado, 64 AD3d 951, 952 [2009]; see also Matter of Ferguson v Skelly, 80 AD3d 903, 905-906 [2011], lv denied 16 NY3d 710 [2011]). Petitioner alleged that the children lived with her for six weeks in emergency foster care until they were removed due to the grandfather moving in two weeks earlier. The petition also stated that the children were happy with her, wanted to live with her, had been removed from their mother's custody in the past and had lived with

petitioner and their grandfather during those times, and the children had been upset and one had been acting out since they were removed from petitioner's home. The petition did not mention the father. Even if established, these allegations were insufficient to demonstrate extraordinary circumstances or warrant a hearing on the issue (*see Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]; *compare Matter of Wayman v Ramos*, 88 AD3d 1237, 1239-1240 [2011]). Thus, Family Court did not err in dismissing the petition without a hearing (*see Matter of Marquis v Washington*, 86 AD3d 753, 754 [2011]; *Matter of McGraw v McGraw*, 258 AD2d 464, 464-465 [1999]).

Peters, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.