In the Matter of RONALD DAVID RAGIN, III, Appellant, v LATOYA DORSEY, Respondent. (Appeal No. 1.) [955 NYS2d 914]—

Memorandum: In these appeals, petitioner father appeals from orders that dismissed his petitions seeking, inter alia, to modify a prior consent order that allowed him to correspond only by mail with his child. By his petitions, the father sought an order allowing telephone calls and visitation with his child. We note at the outset that the appeal from the order in appeal No. 4 must be dismissed because the appeal was taken from the same order as in appeal No. 3.

We conclude that Family Court properly dismissed the father's petitions. " 'Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]' " (*Matter of Donnelly v Donnelly*, 55 AD3d 1373, 1373 [2008]). As limited by his brief, the father contends on appeal that there was a change in circumstances warranting a reexamination of the issue of visitation because he had been transferred from one correctional facility to another that was closer to the child. We reject that contention. "Even accepting the father's allegations as true, [we conclude that] they do not set forth a change in circumstances which would warrant the relief sought" (*Matter of Januszka v Januszka*, 90 AD3d 1253, 1254 [2011]; *see generally Matter of Jackson v Beach*, 78 AD3d 1549, 1550 [2010]). Present—Scudder, P.J., Centra, Fahey, Carni and Valentino, JJ.