# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1398
CAF 12-00010
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF RONALD DAVID RAGIN, III,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

LATOYA DORSEY, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

ALAN BIRNHOLZ, EAST AMHERST, FOR PETITIONER-APPELLANT.

LAW OFFICE OF PETER VASILION, WILLIAMSVILLE (PETER P. VASILION OF COUNSEL), FOR RESPONDENT-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO, FOR AALIYAH R.

-------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Rosalie Bailey, J.), entered October 24, 2011.  The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In these appeals, petitioner father appeals from orders that dismissed his petitions seeking, inter alia, to modify a prior consent order that allowed him to correspond only by mail with his child.  By his petitions, the father sought an order allowing telephone calls and visitation with his child.  We note at the outset that the appeal from the order in appeal No. 4 must be dismissed because the appeal was taken from the same order as in appeal No. 3.

We conclude that Family Court properly dismissed the father's petitions.  " 'Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]' " (*Matter of Donnelly v Donnelly*, 55 AD3d 1373, 1373).  As limited by his brief, the father contends on appeal that there was a change in circumstances warranting a reexamination of the issue of visitation because he had been transferred from one correctional facility to another that was closer to the child.  We reject that contention.  "Even accepting the father's allegations as true, [we conclude that] they do not set forth a change in circumstances which would warrant the relief sought" (*Matter of Januszka v Januszka*, 90 AD3d 1253, 1254; *see generally Matter of*

*Jackson v Beach*, 78 AD3d 1549, 1550).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court