■ In the Matter of DAIMION K. LOWE, Appellant, v DIANE BONELLI, Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of DAIMION LOWE, Appellant, v DIANE BONELLI et al., Respondents. (Proceeding No. 2.) [10 NYS3d 704]—

Clark, J. Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered March 6, 2014, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered March 31, 2014, which partially granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and Gina Marie Wood (hereinafter the mother) are the parents of two children (born

---

2. The father is not a party to the instant appeal.

in 2003 and 2005). In 2006, Family Court ordered that custody of the children be granted to respondents Diane Bonelli and Nicholas Bonelli (hereinafter the grandparents) and that the father be allowed visitation on Saturdays. Subsequently, in 2011, custody was returned to the mother with no provision for visitation to the father. That arrangement was changed again, however, in May 2013, when physical custody was restored to the grandparents after the children were adjudicated to be neglected by the mother. The father retained visitation rights with the children subject to the discretion of the grandparents.

In May 2013, the father commenced proceeding No. 1 seeking to modify the order awarding physical custody to the grandparents, alleging that there was a change in circumstances since that order. After the commencement of a hearing and a finding by Family Court that the grandparents met their initial burden of establishing extraordinary circumstances, an agreement was reached that granted joint legal custody to the parties and substantial visitation to the father, among other things. The agreement was reduced to an order, which was entered March 31, 2014. Only one month after the parties reached the custody agreement—but before the custody order was signed and entered—the father commenced proceeding No. 2 to modify the custody agreement. In an order entered March 6, 2014, Family Court dismissed the petition without a hearing, finding that the father had failed to allege a significant change in circumstances. The father now appeals from both the custody order and the order dismissing his modification petition.

We affirm. Initially, inasmuch as no appeal lies from an order entered on consent and because the father has failed to make a motion to vacate the March 31, 2014 custody order, the father's appeal of such order must be dismissed (see Matter of Barnes v Abrams, 124 AD3d 1000, 1001 [2015]; Matter of Dante W. [Justin W.], 110 AD3d 1400, 1401 [2013]; Matter of Hardnett v John, 85 AD3d 1501, 1502 [2011]; Matter of Selena O. [Trisha O.—Steven R.], 84 AD3d 1648, 1648 [2011]). Further, as a general rule, "a voluntary agreement of joint custody . . . will not be set aside unless there has been a sufficient change in circumstances showing that a modification will be in the best interests of the children" (Nolan v Nolan, 104 AD3d 1102, 1103 [2013]; see Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [2014]). Generally, "a modification petition that allege[s] facts which, if established, would afford a basis for relief is facially sufficient" (Matter of Freedman v Horike, 107 AD3d 1332, 1333 [2013] [internal quotation marks and citations omitted]).

However, "the party seeking such a modification must make a sufficient evidentiary showing in order to warrant a hearing" on the petition (*Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718 [2000]; *see Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001]).

We agree with Family Court that no such showing was made in this case. The broad, unsubstantiated allegations set forth in the petition—i.e., a change in circumstances based upon the deterioration of the father's relationship with his children and the alienation of affection—fail to demonstrate a need for change to ensure the children's best interests. This seems especially so under these circumstances where the petition seeking modification in proceeding No. 2 was filed only one month after the parties had reached their agreement in proceeding No. 1. Thus, we agree with Family Court that a hearing was not warranted and the petition was properly dismissed (*see Matter of Taylor v Jackson*, 95 AD3d 1604, 1604 [2012]; *Matter of Marquis v Washington*, 86 AD3d 753, 754 [2011]; *Matter of Bjork v Bjork*, 23 AD3d 784, 785 [2005], *lv denied* 6 NY3d 707 [2006]).

McCarthy, J.P., Lynch and Devine, JJ., concur. Ordered that the appeal from the order entered March 31, 2014 is dismissed, without costs. Ordered that the order entered March 6, 2014 is affirmed, without costs.