*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 25, 2015                    517720
_____

In the Matter of EVERETT C.
    McINTOSH,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

CRYSTAL L. CLARY,
                        Respondent.
_____

Calendar Date:   June 3, 2015

Before:   Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                    _____


        Luciano J. Lama, Ithaca, for appellant.

        Pamela Bleiwas, Ithaca, attorney for the children.

                    _____


Rose, J.

        Appeal from an order of the Family Court of Tompkins County
(Sherman, J.), entered September 25, 2013, which, in a proceeding
pursuant to Family Ct Act article 6, granted respondent's motion
to dismiss the petition.

        The parties are the parents of four children, born in 2005,
2006, 2008 and 2009.  Since 2010, petitioner (hereinafter the
mother) has had sole custody of the children pursuant to an order
that permitted respondent (hereinafter the father), who was
incarcerated, to have telephonic contact with the children.  In
2012, after a fact-finding and Lincoln hearing, Family Court
determined that the telephone calls were emotionally distressing
to the children and granted the mother's petition to modify the
order by limiting the father's contact to monthly, monitored

written communication with the two oldest children.[1]  Ten months later, the father commenced this proceeding to modify the 2012 order, seeking prison visitation and reinstating telephonic contact with the two oldest children.  Family Court granted the mother's motion to dismiss the petition for failure to allege a change in circumstances.  The father now appeals.[2]

We affirm.  As the party seeking to modify a recent, existing visitation order, "the father was required to provide sufficient evidence in support of the petition to show that there had been a change in circumstances demonstrating a real need for a change to ensure the children's best interests" (Matter of Hall v Hall, 61 AD3d 1284, 1285 [2009]; see Matter of Ruple v Cullen, 115 AD3d 1123, 1123 [2014]).  The only changes in circumstances alleged in the father's petition were that he had received a certificate for attending substance abuse meetings and positive inmate progress reports and completed vocational training, and that his request for the children to participate in a prison program had been denied.  Even accepting these allegations as true, they do not set forth a change in circumstances that would warrant the relief sought (see Matter of Januszka v Januszka, 90 AD3d 1253, 1254 [2011]).  The bare fact that the father had availed himself of prison services did not require a reexamination of the childrens' best interests, particularly where the changes alleged do not address their emotional reaction to telephonic communication from the father, which was the reason for limiting contact in the 2012 order.  Moreover, although the father was allowed monthly communication with the two oldest children, he had written to them on only two occasions in the 10 months that had elapsed between the 2012 order and this proceeding.  Given the circumstances, Family Court did not err in dismissing the petition without an evidentiary hearing (see

---

[1]  We subsequently affirmed this order (Matter of Clary v McIntosh, 117 AD3d 1285, 1286 [2014]).

[2]  Inasmuch as the father has been released to parole supervision, his request for visitation at the prison is moot (see Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1315 [2013]).

<u>Matter of Marquis v Washington</u>, 86 AD3d 753, 754 [2011]; <u>Matter of Heater v Heater</u>, 81 AD3d 1017, 1017 [2011]).

Peters, P.J., McCarthy and Egan Jr., JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court