Matter of Cameron UU. v Catherine VV. (2021 NY Slip Op 02568)





Matter of Cameron UU. v Catherine VV.


2021 NY Slip Op 02568


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

529322
[*1]In the Matter of Cameron UU., Appellant,
v
Catherine VV., Respondent.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Stephen L. Molinsek, LLC, Delmar (Nicole R. Redmond of counsel), for appellant.
Veronica Reed, Schenectady, for respondent.



Aarons, J.
Appeal from an order of the Family Court of Albany County (Cholakis, J.), entered April 26, 2019, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of twins (born in 2009) — the subject children — and a third child (born in 1998). Under a 2013 custody order, the parties shared joint legal custody of the children with the mother having primary physical custody and the father having parenting time on weekends. The father commenced this proceeding in 2019 seeking to modify the 2013 custody order. The mother moved to dismiss the petition for failure to state a cause of action. Family Court granted the motion, prompting this appeal by the father. We affirm.
Family Court did not err in granting the mother's motion. As the party seeking to modify the 2013 custody order, the father was first required to demonstrate that there has been a change in circumstances since the entry thereof so as to warrant a best interests analysis (see Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 947 [2020]). In his petition, the father raised allegations concerning his new marriage and how the children would benefit in interacting with their stepmother and half sibling, how his professional background would help the children and how he would raise the children. As the court found, however, these allegations related to how modifying the 2013 order would serve the best interests of the children and did not establish a change in circumstances. Although the father did allege that the mother did not consult with him regarding the children's extracurricular activities, he did so only in a broad manner and without any substantiation (see Matter of Lowe v Bonelli, 129 AD3d 1135, 1137 [2015]; Matter of Taylor v Jackson, 95 AD3d 1604, 1604 [2012]). Accordingly, even accepting the allegations in the petition as true, such allegations failed to demonstrate that a change in circumstances occurred since the 2013 order (see Matter of Lowe v Bonelli, 129 AD3d at 1137; Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]; Matter of Audrey K. v Carolyn L., 294 AD2d 624, 625 [2002]).
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.