■ In the Matter of HARLOW G. PERRY, Appellant, v HEATHER J. PERRY, Respondent. [859 NYS2d 291]—

Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered August 3, 2007, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

The parties are the parents of two children born in 1998 and 2000. Respondent (hereinafter the mother) has sole custody of the children and petitioner (hereinafter the father), who is incarcerated, was granted permission to write to them by an order entered September 20, 2005. The order also provided that the father could apply for contact visits with the children once his relationship with them was reestablished. In May 2007, the father filed a petition seeking modification of the prior order, stating, "I have not been able to successfully establish any legitimate contact with either of my children." The mother moved to dismiss the petition for the father's failure to state a cause of action due to the absence of any allegation of a change in circumstances. On that ground, Family Court dismissed the petition without prejudice. The father now appeals and we affirm.

Since "an existing custody [or visitation] order will be modified only when the party seeking the modification demonstrates a sufficient change in circumstances since entry of the prior order to warrant modification thereof in the child's best interest" (*Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]), the father's failure to "factually aver any change in circumstances . . . which would warrant modification" supports Family Court's summary dismissal of the petition (*Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]). The father's petition and supporting affidavit allege only that, despite his attempts at unspecified "communication" with the children through his own

father, he has not established correspondence with them. While his counsel now suggests that if the mother had failed to facilitate the father's correspondence with the children, then that would be a change in circumstances, the father does not allege such interference anywhere in the record. Also, since the father asserted that he had tried to communicate with them through his own father, it does not appear that he complied with the order's direction to write to them so that his correspondence could be reviewed and approved by the mother. Moreover, as he concedes that he has not been able to reestablish a parental relationship with the children, his pleadings confirm that there has been no change in the circumstances existing when Family Court issued its earlier order. Absent an alleged change in circumstances, Family Court's failure to reach the issue of the children's best interests was not error (*see Matter of Pratt v Anthony*, 30 AD3d 708 [2006]; *Matter of Bishop v Livingston*, 288 AD2d 703, 704 [2001]; *cf. Matter of Kerwin v Kerwin*, 39 AD3d at 951).

Nor are we persuaded by the father's argument that he received ineffective assistance of counsel. The record offers no evidence that counsel failed to communicate with the father or that the father provided counsel with any relevant facts other than those alleged in the original petition. Thus, we cannot find that the father was prejudiced by counsel's failure to specify some other ground for modification in an amended petition or in opposition to the mother's motion to dismiss (*see Matter of Anson v Anson*, 20 AD3d 603, 605 [2005], *lv denied* 5 NY3d 711 [2005]; *compare Matter of Mitchell v Childs*, 26 AD3d 685, 687 [2006]).

We have reviewed the father's remaining contentions and find them to be unavailing.

Mercure, J.P., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.