In the Matter of JOHN DOBROUCH, Appellant, v ERICA REED, Respondent. [879 NYS2d 220]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered November 26, 2007, which,

in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.

The parties are the parents of one child (born in 2004). They stipulated before Family Court in May 2005 to terms regarding custody and visitation, which were set forth in a consent order eventually entered in January 2006. Respondent (hereinafter the mother) was awarded sole legal and primary residential custody. Petitioner (hereinafter the father) was provided with various visitation as available during his anticipated 12 months of inpatient treatment at a facility known as Phoenix House. No other visitation was established. He did not, however, stay at Phoenix House, but instead received treatment at another facility (i.e., Hope House) and, thereafter, was sentenced to a prison term of three years (*see People v Dobrouch*, 59 AD3d 781 [2009]). The father subsequently commenced this proceeding seeking to modify the custody order based upon alleged changed circumstances, including his incarceration and the mother's failure to bring the child to visit him when he was at Hope House. The mother moved to dismiss. Family Court granted the motion without a hearing. The father appeals.

To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child (*see Matter of Perry v Perry*, 52 AD3d 906, 906 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Witherow v Bloomingdale*, 40 AD3d 1203, 1204 [2007]). Initially, we note that during the delay of over a year in perfecting this appeal, the father has been released from prison rendering his request for jailhouse visitation moot (*see Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]). As regards visitation at Hope House, the consent order addressed visitation for only a 12-month period and was based upon the assumption that the father would be at Phoenix House during that entire time. He was not at Phoenix House (or Hope House) as long as anticipated and, in any event, any relevant provisions regarding visitation at either such facility have long since expired. No other allegations in this petition merited a hearing and, accordingly, it was properly dismissed. The father, whose circumstances have now changed, may bring a petition setting forth his current situation (which is not contained in this record) and the dismissal of this petition will have no bearing on the merits of that proceeding.

Peters, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.