■ In the Matter of LESLIE K. HUDSON, Appellant, v KENNETH R. ECK JR., Respondent. (And Other Related Proceedings.) [896 NYS2d 218]—

Cardona, P.J. Appeal from an order of the Family Court of Delaware County (Ghaleb, J.), entered September 24, 2008, which granted respondent's motion, in proceedings pursuant to Family Ct Act article 6, to dismiss the petitions.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have been involved in numerous proceedings related to the care and custody of their son (born in 1998) (*see Matter of Eck v Eck*, 57 AD3d 1251 [2008]; *Matter of Eck v Eck*, 57 AD3d 1243 [2008]; *Matter of Eck v Eck*, 44 AD3d 1168 [2007], *lv denied* 9 NY3d 818 [2008]; *Matter of Eck v Eck*, 33 AD3d 1082 [2006]). As relevant to this appeal, in October 2006, the father, who had legal custody of the child, was given the exclusive right to provide for the child's medical care. The mother commenced the instant proceedings by filing a contempt petition and a custody modification petition in December 2007, followed by a violation petition and amended custody petition in February 2008, all alleging that the father was remiss in obtaining medical care for the child. Specifically, the mother alleged that, after the parties were notified by the school physician about a specific medical condition of the child that warranted further evaluation, the father did not seek an immediate complete medical evaluation and care of the child.

During the course of the proceedings, the mother moved to

disqualify the Law Guardian due to, among other things, alleged misrepresentations she made to Family Court. In the absence of any timely submission in opposition thereto, Family Court (Burns, J.) granted the motion; however, the case was transferred and, following submission by the initial Law Guardian of an affidavit in opposition to that motion, as well as disclosure of a conflict by the newly-appointed Law Guardian, Family Court (Ghaleb, J.) reappointed the initial Law Guardian. Thereafter, the father moved to dismiss the petitions. The court granted that motion without a hearing and, sua sponte, "rectified" the prior order by directing that any information pertaining to the child's medical status be redacted from school records, notices or report cards prior to being sent to the mother. This appeal by the mother ensued.

Initially, we conclude that any alleged procedural defects with regard to the father's motion to dismiss were properly disregarded. The record does not demonstrate substantial prejudice to the mother as a result of the lack of a return date on the initial motion, particularly given the fact that the matter was adjourned, providing her with ample time during which she submitted a response to the motion (*see Matter of Venner*, 235 AD2d 805, 806 [1997]; *National Microtech v Satellite Video Servs.*, 107 AD2d 860, 861-862 [1985], *lvs dismissed* 64 NY2d 612, 65 NY2d 637 [1985]).

Furthermore, we are unpersuaded that Family Court improperly granted the motion to dismiss the petitions. "To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (*Matter of Dobrouch v Reed*, 61 AD3d 1288, 1289 [2009] [citations omitted]; *see Matter of Perry v Perry*, 52 AD3d 906, 906 [2008], *lv denied* 11 NY3d 707 [2008]). Here, the mother's allegations concerning, among other things, the nature and timeliness of the medical care for the child were insufficient on their face to establish a change in circumstances or contempt. Notably, pursuant to the October 5, 2006 custody order, the father was vested with exclusive responsibility to provide for the child's medical care and, most importantly, the record clearly demonstrates that the father appropriately sought the medical evaluations and treatments recommended by the school physician, as well as the child's personal physicians. Under these circumstances, we find no error in Family Court dismissing the petitions without a hearing (*see Matter of Perry v Perry*, 52 AD3d at 906; *Matter of Audrey K. v Carolyn L.*, 294 AD2d 624 [2002]).

We do, however, find merit in the mother's contention that Family Court erred in restricting, without a hearing, her right to medical information contained in school documents. Although the October 2006 order gave the father the exclusive right to provide medical treatment for the child, nothing in that order restricts the mother's right to access information regarding the child's health in school documents. To the extent that Family Court modified the prior order by directing that any medical information be redacted from school documents, we find that this improperly impinged upon a substantial right of the mother (*see generally Herpe v Herpe*, 225 NY 323, 327 [1919]).

Finally, we are unpersuaded that Family Court abused its discretion in reappointing the Law Guardian.

Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the facts, without costs, by deleting so much thereof as directed that any information included in school records pertaining to the child's medical status and care be redacted, and, as so modified, affirmed.