█ In the Matter of ALIK S. ANTHONY, Appellant, v JONITA J. JONES, Respondent. [927 NYS2d 441]—

Kavanagh, J.

In June 2009, respondent (hereinafter the mother) filed a petition seeking sole legal and physical custody of the parties' child (born in 2008). At the time, and at all times relevant to this appeal, petitioner (hereinafter the father) was incarcerated and the child was living with the mother. The father answered the mother's petition requesting that he be awarded joint legal custody of the child and visitation. The parties subsequently consented to the entry of an order by Family Court, which granted the mother sole legal and physical custody of the child and allowed the father to communicate with the child by mail and telephone. The order also provided that the father could seek modification of its terms when he was released from prison.

In April 2010, while he was still incarcerated, the father commenced this proceeding seeking joint custody of the child and visitation, claiming that the mother had not complied with the existing order because she had effectively prevented him from communicating or having any contact with the child. Family Court subsequently granted the mother's motion to dismiss the father's petition on the ground that it failed to state a cause of action. The father now appeals, and we affirm.

"To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (*Matter of Hudson v*

*Eck*, 70 AD3d 1261, 1262 [2010] [internal quotation marks and citations omitted]; *see Matter of Mark P. v Jamie Q.*, 64 AD3d 921, 922 [2009], *lv denied* 13 NY3d 706 [2009]; *Matter of Dobrouch v Reed*, 61 AD3d 1288, 1289 [2009]). The father claims that it is not necessary that he demonstrate that a change in circumstances has occurred because the order issued by Family Court did not address his right to visit with the child. We do not agree. In his answer to the mother's petition seeking custody of the child, the father requested joint custody and that he be given the right to visit with the child. In the parties' stipulated order, it was agreed that the father's contact with the child would be limited to written correspondence and telephone communication, and it gave him the right to seek modification of its terms upon his release from prison. It did not relieve the father of the obligation when seeking a modification to demonstrate that a change in circumstances had, in fact, occurred since the order was entered. Finally, to the extent that the father argues that his consent to this order was based on inaccurate information given to him by Family Court and counsel, such a claim must be made in the context of a motion to vacate and not in an application to modify the terms of the order (*see Matter of DeFrancesco v Mushtare*, 77 AD3d 1079, 1080 [2010]; *see also Matter of McDonald v Reed*, 68 AD3d 1181, 1182 [2009], *lv dismissed* 14 NY3d 758 [2010]).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.