■ In the Matter of MARK B. MILLER, Appellant, v CHIVON K. FEDORKA, Also Known as CHIVON K. VANNEST, Respondent. [931 NYS2d 540]—

Malone Jr., J.

Petitioner (hereinafter the father), a prison inmate, commenced this proceeding against respondent (hereinafter the mother) seeking regular visitation with the parties' child (born in 2007) at the correctional facility in which he is confined. Following a hearing, Family Court granted the father visitation with the child twice per year at the correctional facility, which is a nine-hour round trip by car from the child's home, ordered the mother to send him one photograph of the child each month,

and permitted the father to send the child one letter per month. The father appeals, contending that the court should have awarded him more frequent visitation and should not have restricted his correspondence with the child.

"The propriety of visitation is left to the sound discretion of Family Court and its findings, guided by the best interests of the child, will not be disturbed unless they lack a sound basis in the record" (*Matter of Moore v Schill*, 44 AD3d 1123, 1123 [2007] [citations omitted]; *see Matter of Garraway v Laforet*, 68 AD3d 1192, 1193-1194 [2009]). The record here reflects that, in awarding the father two visits per year, Family Court considered, among other things, the child's young age, the nature of his existing relationship with the father, the lengthy distance to the correctional facility and the cost and logistics involved in transporting the child for visitation. Given the circumstances presented here, we find no reason to disturb Family Court's determination with respect to visitation (*see Matter of Baker v Blanchard*, 74 AD3d 1427, 1428-1429 [2010]; *Matter of Moore v Schill*, 44 AD3d at 1123). Nor do we find any reason to disturb the court's restriction of the amount of written correspondence that the father is permitted to send to the child, particularly considering that the child is young and not yet able to read.

Finally, as he acknowledges, the father did not request at the hearing that Family Court award him telephone communication with the child and, thus, his claim for such is not properly before this Court.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs, and without prejudice to a subsequent application by petitioner to modify the restriction on his written communication with the child when the child is able to read.