Rose, J.P
Appeal from an order of the Family Court of Broome County (Connerton, J), entered August 10, 2011, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
*1051 The parties are the parents of one child (born in 2004). Pursuant to a 2006 order, respondent (hereinafter the mother) was awarded sole custody of the child with petitioner (hereinafter the father) receiving visitation as mutually agreed upon by the parties. The mother brought the child to visit the father, a prison inmate who has been incarcerated throughout the child’s life, several times between August 2009 and October 2009 when he was incarcerated in a nearby prison, but thereafter stopped visitation entirely after he was transferred to another correctional facility, which is approximately five hours from the mother’s home by car. The father regularly sent cards and letters to the child, as well as money on occasion. In June 2010, the father filed a petition seeking to modify the prior order of visitation, requesting visitation at least twice a year. The father also filed a violation petition against the mother at that time, alleging the mother’s failure to comply with a March 2007 order that required her to mail him a current photograph of the child every other month. Following a hearing on both petitions, Family Court modified the prior order, granting the father visitation once every four months at his place of incarceration, with the father responsible for all associated travel, lodging and food expenses for the child and the mother. The mother appeals.*
“A petitioner seeking to modify an existing visitation order must demonstrate a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child” (Matter of Sumner v Lyman, 70 AD3d 1223, 1224 [2010], lv denied 14 NY3d 709 [2010] [internal quotation marks and citations omitted]; accord Matter of Klee v Schill, 95 AD3d 1599, 1600 [2012]). Further, it is presumed that visitation with the noncustodial parent is in the child’s best interests, even when that parent is incarcerated (see Matter of Chambers v Renaud, 72 AD3d 1433, 1434 [2010]; Matter of Tanner v Tanner, 35 AD3d 1102, 1103 [2006]). Finally, having to travel a long distance “does not necessarily preclude visitation” (Matter of Culver v Culver, 82 AD3d 1296, 1299 [2011], appeal dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011]). Here, we discern no error in Family Court’s determination that there has been a change in circumstances warranting modification of the prior order of visitation. Moreover, given the circumstances presented, we find no reason to disturb Family Court’s determination that three visits per year is in the child’s best interests (see generally Matter of Miller v Fedorka, 88 AD3d *1052 1185, 1186 [2011]; Matter of Baker v Blanchard, 74 AD3d 1427, 1428-1429 [2010]; Matter of McCrone v Parker, 265 AD2d 757, 758 [1999]).
Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 Family Court also found that the mother had willfully violated the March 2007 order, but imposed no penalty, and the mother does not raise any argument with respect to this issue in her appellate brief.