*493 Order, Family Court, New York County (Tamara Schwartz, Ref.), entered on or about January 9, 2013, which, to the extent appealed from as limited by the briefs, declined to grant the father’s petition for annual visitation with his children, unanimously affirmed, without costs.
Family Court providently exercised its discretion in declining to order once yearly visits to the father, who is incarcerated at a correctional facility in Washington State. The Family Court properly concluded that visitation was not in the best interests of the children at the present time, due primarily to the parties’ inability to identify or agree upon an appropriate person who was willing to accompany the children, currently four and five years of age, on the lengthy trip to Washington State (Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]; Matter of Miller v Fedorka, 88 AD3d 1185, 1185-1186 [3d Dept 2011]).
Contrary to the father’s assertions, the Family Court properly concluded that his testimony did not establish that the paternal grandmother was a suitable guardian, as she had lived with the children only briefly when they were very young and had not spent time with them recently. An appropriate guardian is especially important where the visit would require days and not merely hours of travel (compare Matter of Telfer v Pickard, 100 AD3d 1050, 1051 [3d Dept 2012]).
In allowing written correspondence with the children and requiring photos of the children to be sent to the father, the Family Court acknowledged that it was in the best interests of the children to maintain contact with him and was apparently open to allowing visitation should the parties be able to agree upon a suitable person to accompany the children. Concur— Mazzarelli, J.E, Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.