Lahtinen, J.E
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered July 31, 2012, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
The parties are the parents of one child (born in 2001). In November 2010, the parties entered into a custody and visitation order on consent, which provided respondent (hereinafter the mother) with sole legal and physical custody of the child. Eetitioner (hereinafter the father), who is incarcerated, was provided with phone and written contact with the child. In December 2011, the father commenced this proceeding seeking modification of the prior order to include visitation due to his transfer to a correctional facility significantly closer to the child’s residence. During the hearing, the mother moved to dismiss the petition at the close of the father’s proof, arguing that he failed to establish a substantial change in circumstances. Family Court reserved decision and proceeded to conduct a Lincoln hearing with the child. Following the Lincoln hearing, the court concluded that the father had not established a change in circumstances sufficient to warrant reconsideration of the visitation order in the child’s best interests and dismissed the petition. The father now appeals.
A party seeking to modify an existing visitation order must demonstrate that there has been a change in circumstances since entry of the prior order “that reflects a genuine need for the modification so as to ensure the best interests of the child” (Matter of Sumner v Lyman, 70 AD3d 1223, 1224 [2010], lv denied 14 NY3d 709 [2010] [internal quotation marks and citation omitted]; accord Matter of Telfer v Pickard, 100 AD3d 1050, 1051 [2012]). It is presumed that visitation with a noncustodial parent is in the child’s best interests, even when that parent is incarcerated (see Matter of Telfer v Pickard, 100 AD3d at 1051; *1124 Matter of Flood v Flood, 63 AD3d 1197, 1198 [2009]). However, the mere fact that an incarcerated parent has been relocated to a facility closer to the child’s residence does not, in and of itself, constitute a change in circumstances requiring reexamination of the child’s best interests (see Matter of Januszka v Januszka, 90 AD3d 1253, 1254 [2011]). Here, the father relied primarily upon his relocation to support his modification petition and, while the relocation certainly resulted in a significantly reduced travel time, the father’s own testimony reflected that he failed to maintain contact with the child to the extent provided for in the prior order and that his relationship with the child had not improved or otherwise changed since the prior order. Given the circumstances presented, we find no reason to disturb the conclusion that the father failed to establish a change in circumstances warranting modification of the prior visitation order (see Matter of Bunger v Barry, 88 AD3d 1082, 1082-1083 [2011]; cf. Matter of Flood v Flood, 63 AD3d at 1198-1199).
Stein, Garry and Rose, JJ., concur.
Ordered that the order is affirmed, without costs.