SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

302
CAF 13-02018
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JOSEPH ADDISON GELLING, SR.,
PETITIONER-APPELLANT,

V                                                        MEMORANDUM AND ORDER

MARY COLLEEN MCNABB, RESPONDENT-RESPONDENT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR PETITIONER-APPELLANT.

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-RESPONDENT.

ROSEMARIE RICHARDS, ATTORNEY FOR THE CHILD, GILBERTSVILLE.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County
(William W. Rose, R.), entered October 31, 2013 in a proceeding
pursuant to Family Court Act article 6.  The order dismissed the
amended petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the amended petition is
reinstated, and the matter is remitted to Family Court, Onondaga
County, for further proceedings in accordance with the following
memorandum:  Petitioner father appeals from an order granting the
motion by the Attorney for the Child to dismiss the father's amended
petition seeking to modify an existing custody and visitation order.
We agree with the father that Family Court erred in dismissing the
amended petition.  "To survive a motion to dismiss, a petition seeking
to modify a prior order of custody and visitation must contain factual
allegations of a change in circumstances warranting modification to
ensure the best interests of the child" (*Matter of Dobrouch v Reed*, 61
AD3d 1288, 1289; *see Matter of Wurmlinger v Freer*, 256 AD2d 1069,
1069).  Here, the amended petition alleged that there had been a
change in circumstances inasmuch as the prior order provided that
there would be "such and further visitation with the subject child as
the parties may mutually agree," but the respondent mother refused the
father all visitation with the child.  In our view, the father "
'ma[d]e a sufficient evidentiary showing of a change in circumstances
to require a hearing' " (*Matter of Warrior v Beatman*, 70 AD3d 1358,
1359, *lv denied* 14 NY3d 711; *see also Matter of Telfer v Pickard*, 100
AD3d 1050, 1051; *Matter of Ruple v Harkenreader*, 99 AD3d 1085, 1086).
We therefore reverse the order, reinstate the amended

petition, and remit the matter to Family Court for a hearing thereon.

Entered:  March 27, 2015                        Frances E. Cafarell
                                                Clerk of the Court