Clark, J.
Appeal from an order of the Family Court of Saratoga County (Kupferman, J.), entered February 19, 2013, which, among other things, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
The parties, as relevant here, are the parents of three children (born in 1992, 1997 and 1999). In August 2009, petitioner (hereinafter the father) was convicted of multiple counts of sexual abuse of a female relative and sentenced to a lengthy period of incarceration (People v Hayes, 104 AD3d 1050 [2013], lv denied 22 NY3d 1041 [2013]). In September 2009, Family Court (Abramson, J.) issued an order awarding respondent (hereinafter the mother) sole legal and physical custody and, among other things, directed the father to stay away from the residence of the children and to refrain from using third parties to contact them, and to stay away from the children born in 1992 and 1999 until they reached the age of majority. In February 2012, the father, who remained incarcerated, commenced this proceeding seeking, among other things, to modify the prior order to include phone contact and written correspondence with the two youngest children and to permit family members to transport them to the prison for visitation. The mother cross-petitioned to modify the prior order to the extent of including the middle child born in 1997 in the stay away order. After a nonevidentiary hearing at which all parties were represented by counsel,[1] Family Court concluded that the omission of the child born in 1997 from the stay away order had *1285 been a ministerial error and amended the order accordingly. The court dismissed the father’s modification petition finding that he had failed to allege a sufficient change in circumstances so as to warrant a further hearing.[2] The father appeals.
We affirm. “A party seeking to modify an existing visitation order must demonstrate that there has been a change in circumstances since entry of the prior order that reflects a genuine need for the modification so as to ensure the best interests of the child” (Matter of Ruple v Cullen, 115 AD3d 1123, 1123 [2014] [internal quotation marks and citations omitted]). Here, the father relied upon the allegation that he had been in counseling and active in his religion, and had completed vocational training and a wellness class. While the law presumes “that visitation with a noncustodial parent is in the child [ren]’s best interests, even when that parent is incarcerated” (id.), the bare fact that an incarcerated parent has availed himself or herself of prison services does not, by itself, constitute a change in circumstances requiring reexamining the best interests of the children. Contrary to the father’s contentions on appeal, not every Family Ct Act article 6 petition is automatically entitled to an evidentiary hearing where, as here, insufficient allegations are made to warrant such a hearing (see Matter of Heater v Heater, 81 AD3d 1017, 1017 [2011]; Matter of Hudson v Eck, 70 AD3d 1261, 1262 [2010]; Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]; see also Matter of Twiss v Brennan, 82 AD3d 1533, 1534 [2011]). Given the circumstances presented, we agree that the father failed to allege any change in circumstances that would warrant the requested modification of the prior order and find that Family Court’s summary dismissal of the petition was proper (see Matter of Perry v Perry, 52 AD3d 906, 906-907 [2008], lv denied 11 NY3d 707 [2008]).
McCarthy, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.

. The record reflects that the father waived being produced for an appearance unless he were called to testify by telephone.

. Although the father included an older child, born in 1991, in his petition, that child was over the age of majority at the time of these proceedings and, thus, Family Court no longer had jurisdiction to determine custody as to him and properly refrained from doing so (see Matter of Knight v Knight, 92 AD3d 1090, 1092 n 1 [2012]). Accordingly, the father’s appeal is limited to challenging that part of the order that dismissed his petition as to the two youngest children.