*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    519404
_____

In the Matter of JOSHUA C.,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

YOLANDA C.,
                    Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:  April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

        Lisa A. Burgess, Indian Lake, for respondent.

        Eleanor K. Mullaney, Saratoga Springs, attorney for the
child.

_____

Aarons, J.

        Appeal from an order of the Family Court of Fulton County
(Skoda, J.), entered June 23, 2014, which, among other things,
dismissed petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a daughter (born in
2005).  The father has been incarcerated since December 2006.  In
April 2008, he pleaded guilty to crimes related to sexually

abusing three young children – his own niece, his stepdaughter[1] and their friend, all of whom were around the age of seven at the time of the abuse. His earliest release date is 2021. Pursuant to a July 2007 order, the child's maternal aunt had sole custody of the child with visitation to the mother. In September 2007, the parties consented to a modification of the order such that the mother was granted sole custody with visitation to the father to be mutually agreed upon by the parties. In July 2013, the father commenced the instant modification and violation proceedings, alleging that the mother had refused to permit any visitation or communication with the child. Following a fact-finding hearing, Family Court issued an order denying the father in-person visitation with the child. The father appeals.[2]

Initially, when a party seeks to modify an existing custody order, such party must first demonstrate a change in circumstances, and when this showing is satisfied, the court then undertakes a best interests analysis to see if a modification is warranted (see Matter of Bush v Miller, 136 AD3d 1238, 1239 [2016]; Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015]). Although Family Court did not address whether the father demonstrated a change in circumstances since the entry of the September 2007 order, we are empowered to independently review the record (see Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]). To that end, pursuant to the prior order, the father had multiple visits with the child per year and regular phone contact. However, by the time he commenced these proceedings,

_____

[1] The father's stepdaughter testified at the hearing that the father molested her four times a week over a three-year period.

[2] Family Court's order also permitted the father to communicate with the child by phone and to exchange mail with her, but only to the extent that the mother consented to such contact. Based upon a stipulated order agreed to after the briefs were submitted, the father subsequently withdrew his argument challenging this aspect of Family Court's order.

the father had been impeded by both the mother and the paternal grandmother from having any contact with the child. The cessation of all communication constituted a change in circumstances to warrant an inquiry into the best interests of the child (see Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007 [2016]; Fermon v Fermon, 135 AD3d 1045, 1046 [2016]).

"It is presumed that visitation with a noncustodial parent is in the child's best interests, even when that parent is incarcerated" (Matter of Ruple v Cullen, 115 AD3d 1123, 1123 [2014]; see Matter of Hayes v Hayes, 128 AD3d 1284, 1285 [2015]), but the presumption may be overcome by "showing, by a preponderance of the evidence, that visitation would be harmful to the child" (Matter of Granger v Misercola, 21 NY3d 86, 92 [2013]; see Matter of Coley v Mattice, 136 AD3d 1231, 1232 [2016]; Matter of Duane FF. [Harley GG.], 135 AD3d 1093, 1095 [2016], lv denied ___ NY3d ___ [May 3, 2016]). At trial, the mother testified that the child has been diagnosed with several mood and behavioral disorders, including attention deficit disorder, attention deficit hyperactivity disorder and bipolar/mood disorder. The child has been in therapy for two years and on medication for one year. The mother stated that, following in-person visits with the father in prison, the child acted out aggressively, punched, kicked, screamed and appeared distraught and angry. She testified that, after telephone conversations with the father, the child would become "mean and very temperamental." She stated that, for at least 2½ years, the child has not expressed a desire to spend time with the father. The father's stepchild testified that she observed the child get angry after speaking to the father on the phone. She also stated that she has not heard the child express a desire to spend more time with the father. The paternal grandmother described the child as becoming increasingly "fragile" and "volatile."

The father was the only individual to testify that he and the child enjoyed a relationship that was in any way beneficial to her. The father also conceded that he has not been to any sex offender therapy. Based on the testimony of the mother, the stepchild and the paternal grandmother that visitation with the father exacerbated the child's behavioral problems and the evidence that the father has sexually abused three girls of the

child's age but has not received sex offender treatment, there was a sound and substantial basis in the record for Family Court to conclude that in-person visitation with the father was not in the child's best interests (see Matter of Patrick EE. v Brenda DD., 129 AD3d 1235, 1237-1238, lv denied 26 NY3d 908 [2015]; Matter of Cardwell v Mighells, 122 AD3d 1293, 1293-1294 [2014]; Matter of Gutkaiss v Leahy, 285 AD2d 752, 753 [2001]).

Lahtinen, J.P., McCarthy, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court