Clark, J.
Appeal from an order of the Family Court of Madison County (Miller, J.), entered November 9, 2015, which, in a proceeding pursuant to Family Ct Act article 6, among other things, partially dismissed the petition at the close of petitioner’s proof.
Pursuant to a July 2013 order entered upon consent, petitioner (hereinafter the father) and respondent (hereinafter the mother) had joint legal custody of their son (born in 2010), with the mother having primary physical custody and the father having visitation with the child pursuant to a schedule that dealt with his incarceration. The order, however, did not address the father’s visitation upon release from incarceration. In January 2014, the father was released from shock incarceration and, unbeknownst to the mother, began visiting with the child during the child’s visits with his paternal grandmother. In the spring of 2014, the father informed the mother of his release and, thereafter, the parties adhered to an informal visitation schedule in which the father visited with the child on alternate weekends.
In October 2014, the father, acting pro se, commenced this modification proceeding seeking “full custody” of the child. The *1285 matter proceeded to a hearing, at which the father was represented by counsel. At the close of the father’s proof, the mother, joined by the attorney for the child, moved to dismiss the father’s petition. Family Court granted the motion to the extent of dismissing so much of the petition as sought a change in custody, but continued the hearing on the issue of the father’s visitation. Following the hearing’s conclusion, Family Court awarded the father visitation with the child on alternate weekends during the school year, alternate weeks during the child’s summer break and certain other specified times. The father appeals, solely challenging Family Court’s dismissal of that portion of his petition seeking a modification of custody.
We affirm. To withstand the motion to dismiss, the father was “required to establish a change in circumstances warranting an inquiry into whether the best interests of the child [ ] would be served by modifying the existing custody arrangement” (Matter of Caswell v Caswell, 134 AD3d 1175, 1176 [2015]; accord Matter of Mary BB. v George CC., 141 AD3d 759, 760 [2016]; see Matter of Dobrouch v Reed, 61 AD3d 1288, 1289 [2009]). In assessing whether the father made this required threshold showing, Family Court had to accept his evidence as true, afford him the benefit of every favorable inference and resolve all credibility issues in his favor (see CPLR 4401; Family Ct Act § 165 [a]; Matter of Mary BB. v George CC., 141 AD3d at 760; Matter of Caswell v Caswell, 134 AD3d at 1176). A custody order entered upon consent is afforded less weight than an order entered after a full hearing (see Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]; Matter of Cornick v Floreno, 130 AD3d 1170, 1171 [2015]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]).
Initially, the father argues that Family Court failed to set forth the findings of fact and conclusions of law upon which it based its determination. Although Family Court did not, as is required, set forth the facts that it deemed essential to its ruling on the motion to dismiss (see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of McCullough v Harris, 119 AD3d 992, 993 [2014]), the underlying rationale for its determination may be discerned from the record, which, in any event, is sufficiently developed so as to permit this Court to independently review whether the father met his threshold burden of establishing a change in circumstances (see Matter of Knight v Knight, 92 AD3d 1090, 1091 [2012]; Matter of Joseph A. v Jaimy B., 81 AD3d 1219, 1221 [2011]).
As to the merits, while the prior consent order stated that *1286 the father could petition for a modification of that order upon his release from incarceration, it did not state that he did not have to prove a change in circumstances. Therefore, it did not relieve him of the obligation of demonstrating that a change in circumstances had occurred since entry of that order (see Matter of Anthony v Jones, 86 AD3d 745, 746 [2011]; compare Matter of Carolyn M. v Jasmin C., 110 AD3d 997, 997 [2013]). To that end, the father alleged in his petition that he had been released from prison, that the mother was not taking proper care of the child and that the mother’s living arrangements were inadequate. At the hearing, the father also asserted that he was concerned about the child’s speech issues and hygiene while in the care of the mother and that he had reported the mother’s boyfriend for abuse after he had observed bruises on the child. However, the father conceded at the hearing that he did not have any concerns about the child’s health, that he had not seen the child’s bedroom or even the inside of the mother’s home and that he and the mother were taking steps to address the child’s speech issues.
Further, the report resulting from a Family Ct Act § 1034 investigation (hereinafter the 1034 report) — offered into evidence by the father — stated that the Child Protective Services report against the mother’s boyfriend had been investigated and determined to be unfounded and that, upon further investigation, there were no safety concerns relating to the mother’s boyfriend. The 1034 report further concluded that the mother’s home was safe, sanitary and well-furnished, that there were no concerns regarding the child’s health and safety and that the child was happy in the care of the mother. Although the father established that he had been released from incarceration since the entry of the July 2013 order, such circumstance, standing alone, was insufficient to establish the requisite change in circumstances (compare Matter of Kowatch v Johnson, 68 AD3d 1493, 1494 [2009], lv denied 14 NY3d 704 [2010]; Matter of Powell v Blumenthal, 35 AD3d 615, 616 [2006]), and the remaining grounds raised by the father were unsupported by his own evidence. Accordingly, as the father did not demonstrate the existence of a change in circumstances warranting an inquiry into whether modification of the existing custody arrangement was in the child’s best interests, Family Court properly dismissed so much of the father’s petition as sought a change in custody (see Matter of Tyrel v Tyrel, 132 AD3d 1026, 1027 [2015]; Matter of Bouwens v Bouwens, 86 AD3d 731, 732-733 [2011]).
McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
Ordered that the order is affirmed, without costs.