Matter of Donald EE. v Heidi FF. (2021 NY Slip Op 05747)





Matter of Donald EE. v Heidi FF.


2021 NY Slip Op 05747


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

529573
[*1]In the Matter of Donald EE., Appellant,
v
Heidi FF., Respondent.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Amanda FiggsGanter, Albany, for appellant.
Liam G.B. Murphy, Ithaca, for respondent.
Lisa K. Miller, McGraw, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Cortland County (Alexander, J.), entered June 11, 2019, which, in a proceeding pursuant to Family Ct Act article 6, granted motions by respondent and the attorney for the children to dismiss the amended petition.
Petitioner (hereinafter the father) is the father of two children (born in 2011 and 2012). Pursuant to a July 2017 order, which this Court affirmed (Matter of Donald EE. v Cheyenne EE., 177 AD3d 1112 [2019], lv denied 35 NY3d 903 [2020]), respondent (hereinafter the grandmother), the children's maternal grandmother, has sole legal and primary physical custody of the children, with the father having supervised parenting time for at least four hours every two weeks and such additional parenting time as the parties can agree, including "on, or near, the holidays." Additionally, under the terms of the July 2017 order, the father has "complete access" to the children's educational and medical records and is entitled to phone calls with the children three times a week at specified times. In July 2018, the father commenced this modification proceeding alleging that there had been a change in circumstances since the July 2017 order and seeking "custody and placement" of the children. A fact-finding hearing ensued over the course of two days and, at the close of the father's proof, the attorney for the children and the grandmother moved to dismiss the father's amended petition. Family Court granted the motions and dismissed the amended petition for failure to establish the requisite change in circumstances. The father appeals.
A parent seeking to modify an existing custody order bears the burden of demonstrating that there has been a change in circumstances since entry of the prior custody order that warrants an inquiry into the best interests of the children (see Matter of Michael YY. v Michell ZZ., 149 AD3d 1284, 1285 [2017]; Matter of Crisell v Fletcher, 141 AD3d 879, 881 [2016]). If the threshold change in circumstances requirement is met, the parent must then show that modification of the prior custody order is necessary to ensure the children's continued best interests (see Matter of Edwin Z. v Courtney AA., 187 AD3d 1352, 1353-1354 [2020]; Matter of Rosen v Rosen, 162 AD3d 1283, 1284 [2018]). When, as here, Family Court is tasked with deciding a motion to dismiss at the close of the petitioner's proof, "the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of David WW. v Laureen QQ., 42 AD3d 685, 686 [2007]; see Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355 [2019]; Matter of Mary BB. v George CC., 141 AD3d 759, 760 [2016]).
In his amended petition, the father alleged, among other things, that the grandmother was interfering with and discouraging his supervised parenting time, that the children's [*2]maternal uncle was a sexual predator who was living with the children and that one of the children had stepped on a hypodermic needle, which the grandmother failed to thereafter disclose to him. However, the father failed to present any evidence at the fact-finding hearing to support his allegations, even though he called nine witnesses on his behalf. In fact, during his testimony, the father negated many of his own allegations, admitting that he regularly received parenting time and weekly phone calls, that he saw the children on or near the holidays as contemplated by the prior custody order, that he was unaware whether the children's maternal uncle was actually residing with the children and that the incident with the hypodermic needle predated the prior order. The father's witnesses likewise failed to support the father's allegations, as most had no knowledge of events occurring after entry of the prior order. In short, the father wholly failed to establish that there had been a change in circumstances since entry of the prior custody order, and Family Court therefore properly dismissed the amended petition (see Matter of Elizabeth S. v Ben T., 191 AD3d 1096, 1098-1099 [2021]; Matter of Michael YY. v Michell ZZ., 149 AD3d at 1286; Matter of Tyrel v Tyrel, 132 AD3d 1026, 1027 [2015]). Accordingly, we affirm.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.