■ In the Matter of Ashley EE., a Child Freed for Adoption. Clinton County Department of Social Services, Appellant. Cheryl Maxwell, as Attorney for the Child, Appellant. [921 NYS2d 736]—Mercure, J.P. Appeals (1) by permission, from an order of the Family Court of Clinton County (Lawliss, J.), entered May 4, 2010, which, among other things, in a proceeding pursuant to Family Ct Act article 10-A, denied petitioner's motion to hold the Family Ct Act § 1089 (d) consultation with the subject child via telephone, and (2) from an order of said court, entered June 16, 2010, which, among other things, granted petitioner's application for modification of a prior permanency order.

Ashley EE. (born 1992) was, during the time relevant to this appeal, a child in the care and custody of petitioner. Previously freed for adoption, she lived in a residential treatment facility in Monroe County that specialized in mental health treatment. In early March 2010, shortly before a scheduled permanency hearing, Ashley was involuntarily admitted to a hospital mental health unit, prompting petitioner to move to adjourn Family Court's consultation with Ashley, which is required during all permanency hearings (*see* Family Ct Act § 1089 [d]). The court

granted the motion and the consultation was adjourned until April 9, 2010.

On March 31, 2010, petitioner moved to have Family Court conduct the consultation with Ashley by telephone, asserting that the hospital staff concluded that it would be unsafe to transport Ashley to the court. The attorney for the child opposed the motion, indicating that Ashley wanted to appear in person. The court denied the motion and directed petitioner to produce the child for the consultation, prompting petitioner to move this Court, by order to show cause, for permission to appeal from that order and for a stay pending the appeal.[1] A Justice of this Court granted that relief by order dated April 8, 2010.

The next day, the parties appeared in Family Court for the permanency hearing and presented this Court's order. Nevertheless, Family Court declined to consider alternate means of conducting the consultation with Ashley and directed the parties to make any further requests for such relief by written motion. The court then adjourned the permanency hearing until Ashley appeared in Family Court for the consultation following her discharge from the hospital. Thereafter, the court issued a permanency hearing order approving the permanency goal of placement in adult residential care.[2] Petitioner and the attorney for the child now appeal from both the order entered May 4, 2010 denying petitioner's request to hold the consultation by telephone, and from the permanency hearing order entered June 16, 2010.

The parties' arguments on appeal are directed solely to Family Court's denial of the motion seeking a telephonic consultation, which they claim was an abuse of discretion and should be reversed. Ashley's subsequent appearance before Family Court, and that court's consideration of her position regarding the permanency plan, render those arguments moot, and the exception to the mootness doctrine does not apply (see Matter of Rebecca KK., 61 AD3d 1035, 1037-1038 [2009]; see also Matter of King v Jackson, 52 AD3d 974, 975 [2008]). Accordingly, the appeal from that order must be dismissed.

Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the appeal from the order entered May 4, 2010 is dismissed, as moot, without costs. Ordered that the order entered June 16, 2010 is affirmed, without costs.

---

1. In a reverse of her position before Family Court and without consulting Ashley, the attorney for the child supported petitioner's motion to this Court.

2. According to the attorney for the child, after Ashley turned 18 years old, she left foster care.