■ In the Matter of WILLIAM O., Appellant, v JOHN A. et al., Respondents. [921 NYS2d 916]—

Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered April 2, 2010, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with petitioner's children.

In November 2009, petitioner (hereinafter the father), while serving a 1-to-3-year prison term for failing to register as a sex offender, commenced this proceeding in Chemung County seeking joint custody and visitation with two of his children (born in 2006 and 2007). That same month, the Family Court of Tioga County entered an order of protection preventing the father from having contact with the children as a result of a June 2009 neglect determination. An October 2009 order in Tioga County had placed custody jointly with respondent Michelle A. (hereinafter the mother) and respondent John A. (hereinafter the grandfather), and physical placement at the grandfather's home in Chemung County. During his appearances in the current proceeding, the father urged that the children should visit him in prison and, although his maximum release date was in September 2011, he indicated to Family Court that he believed

he would be released by September 2010 (which proved incorrect). Family Court denied prison visitation, permitted periodic letters from the father through (and subject to review of) the attorney for the children, encouraged the grandparents to occasionally send photographs of the children to the father through the attorney for the children, and stated that the visitation issue could be reconsidered upon his rapidly-approaching release from prison. The father appeals.

Initially, we note that the protective order from Tioga County effectively precluded the relief sought, and the father failed to indicate that he had any pending challenge to such order in the court that had issued the protective order (see Matter of Curtis N., 302 AD2d 803, 804-805 [2003], lv denied 100 NY2d 503 [2003]). Moreover, even construing liberally the father's pro se papers, they were insufficient to necessitate a hearing under the circumstances (see Matter of Critzer v Mann, 17 AD3d 735, 736 [2005]; see also Matter of Miller v Miller, 77 AD3d 1064, 1065-1066 [2010], lv dismissed and denied 16 NY3d 737 [2011]).

To the extent that the matter is properly before us, the issue of whether the limited letter writing permitted through and subject to review by the attorney for the children violated the terms of the protective order from Tioga County is academic, since that particular order has necessarily expired (see Family Ct Act § 1056 [1]; Matter of Sheena D., 8 NY3d 136, 139-141 [2007]; Matter of Candace S., 38 AD3d 786, 788 [2007], lv denied 9 NY3d 805 [2007]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.