■ In the Matter of Jaikob O. and Another, Children Alleged to be Neglected. Tioga County Department of Social Services, Respondent; William O., Appellant. [931 NYS2d 156]—

Spain, J.P.

Respondent and his former live-in girlfriend, Michelle A. (hereinafter the mother), are the parents of two children, Raven O. and Jaikob O. (born in 2006 and 2007, respectively, hereinafter the children). During the relevant period of time, respondent was married to another woman (hereinafter the wife) with whom he had a child also born in 2006 and three older children, none in their custody.[1] In June 2008, petitioner commenced this neglect proceeding against respondent based upon allegations that he had exposed the children to domestic violence perpetrated against the mother and the wife, both of whom periodically resided together with him and their children in 2008 and prior years. The petition also alleged, among other things, that respondent used marihuana in the presence of the children and was an untreated sex offender.[2] The children were removed and placed in petitioner's care.

On March 28, 2009, Family Court held a fact-finding hearing at which only the mother,[3] the wife and respondent testified; the women testified to years of domestic violence against them as well as respondent's use of marihuana, both often in the presence of the children, which respondent denied. The court issued an order entered June 24, 2009 sustaining the allegation that respondent had neglected the children. The court concluded that he had engaged in a pattern of domestic abuse against the mother and the wife in the presence of the children and had engaged in illegal drug use in the household with the children present. Respondent's assigned counsel filed a notice of appeal from that fact-finding order.

Subsequently, Family Court held a combined dispositional and contempt hearing, after which it concluded that respondent had violated a June 2008 order of protection by having prohibited contact with the mother, for which he was sentenced to a six-month jail term. With regard to the disposition on the neglect determination, Family Court summarily—and without requiring a written motion (see Family Ct Act § 1039-b [a], [b] [6])—relieved petitioner of its obligation to use diligent efforts to

---

**1.** Respondent's parental rights to the two oldest children were terminated in New Jersey in 2004 and these children were later adopted. His rights to the third oldest child were terminated in 2005 in Pennsylvania.

**2.** Respondent served a prison term in 2009 for failing to register as a sex offender. This Court upheld Family Court's denial of his request for prison visitation (*Matter of William O. v John A.*, 84 AD3d 1447 [2011]).

**3.** The mother consented to a finding of neglect based upon a separate petition against her, prior to respondent's fact-finding hearing.

reunite respondent with the children. The court also issued an open-ended stay-away order of protection[4] in favor of the mother and children. Respondent's counsel has not filed notices of appeal as to these orders.

On respondent's appeal from the fact-finding order, upon review of the record viewed in its entirety, we agree with his contention that, as a result of deficiencies in the representation provided by his assigned trial counsel at the fact-finding hearing, he was denied meaningful representation (*see Matter of Templeton v Templeton*, 74 AD3d 1513, 1514 [2010]; *Matter of Hurlburt v Behr*, 70 AD3d 1266, 1267-1268 [2010], *lv dismissed* 15 NY3d 943 [2010]).

Counsel's ineffectiveness permeated the proceedings. At the fact-finding hearing, counsel failed to make an opening statement or to cross-examine petitioner's witnesses on relevant matters such as the children's exposure to respondent's allegedly neglectful conduct during the relevant time period (i.e., February to June 2008). Indeed, counsel's cross-examination of the mother and the wife, both clearly young victims of disturbing domestic violence, was at points tasteless and irrelevant, even prurient. Counsel made no motions at the close of petitioner's case and no closing arguments, stating only, "I think everything's been said." Counsel never submitted—as directed by Family Court—proposed findings of fact and conclusions of law. Likewise, petitioner submitted no findings or conclusions of law. Notably, at the close of the fact-finding hearing, Family Court merely stated that it found petitioner's witnesses to be "credible," but made no finding of neglect, deferring its decision thereon. Surprisingly, counsel then consented to immediately proceeding to a dispositional hearing.

Particularly disturbing on the issue of whether counsel provided meaningful representation is a letter dated April 23, 2009 sent by counsel to respondent in prison after the fact-finding hearing—but before a neglect determination was issued—in response to his request for a new attorney. The letter contains a not-so-subtle threat that counsel would not send respondent anything, or convey any information to or cooperate with his next attorney, if he pursued a change of attorneys; counsel also flaunted that he had achieved financial success, upon which he elaborated, with his "clients who have money" and essentially did not need this assignment. The letter was certainly inappropriate and served to undermine any confidence

---

**4.** Respondent's appellate counsel advised this Court at oral argument that Family Court issued an order entered in September 2011 vacating that 2009 permanent order of protection, which had contained no expiration date.

respondent might have had in counsel effectively representing him. Accordingly, the fact-finding order must be reversed.

In light of the foregoing, all proceedings at which counsel represented respondent subsequent to the fact-finding hearing and order are invalid. We note that, thereafter, Family Court held a hearing—in June 2009—on the contempt petition that alleged that respondent had violated the 2008 temporary order of protection in favor of the mother and children by sending her mail while he was incarcerated. Although respondent did not appear and the record does not establish that he was represented by counsel in court in 2008 when that order was issued, and there is no record evidence that respondent was served with the order, counsel failed to object to or raise the issue of the lack of any proof that respondent was served with that order, as required to hold him in contempt (*see Matter of Er-Mei Y.*, 29 AD3d 1013, 1016 [2006]). By order dated July 16, 2009, Family Court found that respondent had willfully violated that 2008 order of protection, but—again—counsel never filed a notice of appeal therefrom.

We also deem it important to point out that, with regard to the dispositional hearing, counsel failed to object to petitioner's oral motion to dispense with its duty to make diligent reunification efforts for respondent and the children based upon the termination, years earlier, of respondent's (and the wife's) parental rights to their three oldest children (*see* Family Ct Act § 1039-b [b] [6]). Such a motion by petitioner was required to be *"in writing"* and on notice to respondent, allowing him "the opportunity to gather evidence and raise issues of fact in answering papers and prepare for an evidentiary hearing" (*Matter of Damion D.*, 42 AD3d 715, 716 [2007] [emphasis added]; *see Matter of Lindsey BB. [Ruth BB.]*, 72 AD3d 1162, 1164 [2010]). Moreover, absolutely no proof was offered by any party at the dispositional hearing addressing the children's "best interests" either on the propriety of terminating reasonable reunification efforts (*see* Family Ct Act § 1039-b [b] [6] [last paragraph]) or on the ultimate disposition upon the neglect finding (*see* Family Ct Act §§ 1045, 1052); the current status and placement of the children was not disclosed at the hearing or in the dispositional order. Counsel filed no notice of appeal from the resulting dispositional order. As respondent was denied meaningful representation by trial counsel at the fact-finding hearing, the fact-finding order, as well as the subsequent resulting orders of Family Court, cannot stand.

Rose, Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter

remitted to the Family Court of Tioga County for further proceedings before a different judge, and, pending said proceedings, the existing order of placement of the children in the joint custody of the mother and the maternal grandparents is continued on a temporary basis until further order of said court.