■ In the Matter of William O., Appellant, v John A. et al., Respondents, et al., Respondent. [49 NYS3d 192]—

Egan Jr., J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered December 21, 2015, which, in a proceeding pursuant to Family Ct Act article 6, granted a motion by respondents John A. and Wanda A. to dismiss the petition.

The parties' history is more fully set forth in this Court's prior decisions involving the subject children (*Matter of William O. v Michele A.*, 119 AD3d 990 [2014]; *Matter of Jaikob O. [William O.]*, 88 AD3d 1075 [2011]; *Matter of William O. v John A.*, 84 AD3d 1447 [2011]). Briefly, petitioner (hereinafter the father) and respondent Michele A. are the unmarried parents of three children (born in 2006, 2007 and 2009)—all of whom are in the care and custody of their maternal grandparents, respondents John A. and Wanda A. Insofar as is relevant here,

by order dated June 26, 2014, Family Court awarded the father visitation with the children on alternate weekends. At some point thereafter, the father commenced a proceeding seeking to, among other things, modify the visitation provisions of the June 2014 order. A hearing ensued on the afternoon of August 5, 2015, during the course of which Family Court granted a motion to dismiss the father's petition—citing the father's failure to establish a change in circumstances since entry of the June 2014 order. Approximately two hours later, the father commenced the instant modification proceeding seeking expanded visitation with his children. Family Court granted the maternal grandparents' subsequent motion to dismiss, and this appeal by the father ensued.*

We affirm. As the petitioning party, the father bore the initial burden of demonstrating that a change in circumstances had in fact occurred since entry of the prior order of custody/visitation; assuming such a change was established, the father then was required to show that modification of the prior order was warranted to serve the children's best interests (*see Matter of Thomas FF. v Jennifer GG.*, 143 AD3d 1207, 1208 [2016]; *Matter of Lynn TT. v Joseph O.*, 143 AD3d 1089, 1091 [2016]; *Matter of Patrick EE. v Brenda DD.*, 129 AD3d 1235, 1236 [2015], *lv denied* 26 NY3d 908 [2015]). "[N]ot every Family Ct Act article 6 petition is automatically entitled to an evidentiary hearing" (*Matter of Hayes v Hayes*, 128 AD3d 1284, 1285 [2015]); rather, a modification petition "must allege facts which, if established, would afford a basis for relief and the party seeking such a modification must make a sufficient evidentiary showing in order to warrant a hearing" (*Matter of Bjork v Bjork*, 23 AD3d 784, 785 [2005] [internal quotation marks and citation omitted], *lv denied* 6 NY3d 707 [2006]; *see Matter of Lowe v Bonelli*, 129 AD3d 1135, 1136-1137 [2015]). This the father failed to do.

The record before us reflects that the father filed the instant modification petition approximately two hours after his prior modification petition was dismissed due to his failure to allege a change in circumstances since entry of the June 2014 order. In so doing, the father alleged only that he had "moved close[r] to [the] children" and had "exercised consist[e]nt visitation." When Family Court inquired as to the basis for the asserted change in circumstances, counsel for the father replied, "Factually, there's none." Upon further inquiry, it became apparent

---

* In addition to the instant appeal, the father has filed three other notices of appeal—each challenging a prior order issued in connection with the custody of and/or visitation with the subject children.

that the father commenced this modification proceeding in an attempt to obtain some sort of affirmative relief from Family Court without having to await the resolution of his various appeals. As the father's conclusory and otherwise unsubstantiated allegations were insufficient to warrant an evidentiary hearing, Family Court correctly dismissed the father's petition. Finally, the father's due process claims are not properly before us as such claims arise in the context of prior Family Court orders that, in turn, are the subject of separate appeals.

Garry, J.P., Devine, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.