Matter of Jennifer B. v Mark WW. (2018 NY Slip Op 01370)





Matter of Jennifer B. v Mark WW.


2018 NY Slip Op 01370


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

524911

[*1]In the Matter of JENNIFER B., Appellant,
v
MARK WW., Respondent.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Lisa K. Miller, McGraw, for appellant.
Tracey Steeves, Kingston, for respondent.
Andrea J. Mooney, Ithaca, attorney for the children.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered March 23, 2017, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion for summary judgment dismissing the petition.
The parties' history is more fully set forth in this Court's prior decisions involving the subject children (see Matter of Mark WW. v Jennifer B., ___ AD3d ___, 2018 NY Slip Op 01229 [2018]; Matter of Jennifer WW. v Mark WW., 143 AD3d 1063, 1063-1064 [2016]). Briefly, petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2008, 2009 and 2010). By order entered October 20, 2016, Family Court resolved the parties' most recent custody dispute by awarding the father sole custody of the subject
children and providing visitation to the mother on alternate weekends [FN1]. Eleven days later, on October 31, 2016, the mother commenced this proceeding in Broome County seeking to modify that order. The proceeding was transferred to Cortland County, whereupon the father moved for summary judgment dismissing the petition. Family Court granted the father's motion and dismissed the petition, and the mother now appeals.
We affirm. As relevant here, in a proceeding to modify an existing order of custody, "the controlling 'material fact' is whether or not there [was] a change in circumstances so as to warrant an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement" (Matter of Robert OO. v Sherrell PP., 143 AD3d 1083, 1084 [2016]; see Matter of La Bier v La Bier, 291 AD2d 730, 732 [2002], lv dismissed 98 NY2d 671 [2002]). Notably, "not every Family Ct Act article 6 petition is automatically entitled to an evidentiary hearing" (Matter of William O. v John A., 148 AD3d 1258, 1259 [2017] [internal quotation marks, brackets and citation omitted], lv denied 29 NY3d 908 [2017]). Instead, "a modification petition must allege facts which, if established, would afford a basis for relief and the party seeking such a modification must make a sufficient evidentiary showing in order to warrant a hearing" (id. [internal quotation marks and citations omitted]).
In support of his motion, the father submitted the affirmation of his counsel and appended thereto Family Court's October 2016 custody order, the mother's modification petition and the investigation progress notes compiled by a caseworker for Child Protective Services (hereinafter CPS)[FN2]. The mother submitted in opposition the affirmation of her counsel, who relied upon certain claimed inconsistent statements that the father made to a CPS caseworker regarding his alleged marihuana use in an effort to establish a triable issue of fact. Upon review of these motion papers, we find that the father satisfied his initial burden of showing an entitlement to summary judgment, which the mother failed to rebut.
The record reflects that the mother sought to modify the October 2016 order by filing — only 11 days later — the instant petition in a different county. A review of the petition reveals that it is based solely on comments regarding the father that she alleges the children made to her and the maternal grandmother as the children spent their first weekend of visitation with the mother. Although out-of-court statements made by the children would be admissible in a custody proceeding to the extent that they relate to allegations of abuse or neglect and are corroborated (see Family Ct Act § 1046 [a] [vi]; see Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [2008], lv denied 12 NY3d 706 [2009]), the mother failed in opposing the motion to point to any additional documentary or testimonial proof in support of these conclusory and unsubstantiated allegations (cf. Matter of William O. v John A., 148 AD3d at 1259; Matter of Mary GG. v Alicia GG., 106 AD3d 1410, 1412 [2013], lvs denied 21 NY3d 863 [2013]). Family Court appropriately determined that the contents of an unfounded CPS report were not admissible at trial (see Social Services Law § 422 [5] [a]). Accordingly, as the mother failed to make a facially sufficient evidentiary showing demonstrating a change in circumstances since entry of the prior custody and visitation order to warrant an evidentiary hearing (see Matter of William O. v John A., 148 AD3d at 1259-1260; Matter of Lowe v Bonelli, 129 AD3d 1135, 1137 [2015]; Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]), under the circumstances, we find that summary judgment dismissing the petition was appropriately granted (see generally Matter of Ryan v Nolan, 134 AD3d 1259, 1263 [2015]).
Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Upon the mother's appeal, this Court affirmed the October 2016 order (Matter of Mark WW. v Jennifer B., 2018 NY Slip Op 01229 at *1-2).

Footnote 2: Although not entirely clear from the record, it appears that the same day that the mother's modification petition was filed in Broome County, CPS received a report containing similar factual allegations against the father as those contained in the petition. CPS subsequently investigated this report and found the allegations contained therein to be unsubstantiated.