Matter of Clinton v Backus (2018 NY Slip Op 02376)





Matter of Clinton v Backus


2018 NY Slip Op 02376


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524264

[*1]In the Matter of LaKIESAH R. CLINTON, Appellant,
v
BRIAN N. BACKUS, Respondent.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Amanda FiggsGanter, Albany, for appellant.
Palmer J. Pelella, Owego, for respondent.
Sharon L. Dyer, Binghamton, attorney for the child.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 28, 2016, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a son (born in 2010). In July 2015, Family Court issued an order, on consent, awarding the parents joint legal custody of the child and the father primary physical custody of the child at his home in the City of Binghamton, Broome County, with the mother having visitation during the child's summer vacations at her home in
Georgia. Less than one year later, the mother filed the instant modification petition, seeking to obtain primary physical custody of the child during the school year, with visitation to the father during holidays and summer vacations [FN1]. In conjunction with her petition, the mother also filed a [*2]motion to testify electronically, telephonically or virtually, which motion the father opposed. By order entered November 2016, Family Court sua sponte dismissed the mother's petition without a hearing on the ground that she had failed to allege a change in circumstances since entry of the prior order and denied, as moot, her motion to appear electronically. The mother now appeals.
We affirm. "A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of that order that would then warrant an inquiry into the best interests of the child" (Matter of Damiano v Guzzi, 157 AD3d 1013, 1014 [2018]; see Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [2017], lv denied 30 NY3d 905 [2017]). However, "[a] hearing is not automatically required whenever a parent seeks modification of a custody order" (Matter of Di Fiore v Scott, 2 AD3d 1417, 1417 [2003] [internal quotation marks and citations omitted]; see Matter of William O. v John A., 148 AD3d 1258, 1259 [2017], lv denied 29 NY3d 908 [2017]); rather, a petitioner must make a sufficient evidentiary showing demonstrating a real need for change in order to warrant a hearing (see Matter of Lowe v Bonelli, 129 AD3d 1135, 1137 [2015]; Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]; Matter of Chittick v Farver, 279 AD2d 673, 675-676 [2001]). The mother failed to make the requisite showing in this case.
In support of her petition, the mother asserted that the prior custody and visitation order — entered only 10 months prior — did not provide her with enough parenting time and that the child has cried to her on numerous occasions indicating that he wishes to live with her and spend more time with his brother [FN2]. She also indicated that she is unable to travel long distances due to certain health concerns. At the initial appearance before Family Court, the mother expanded upon her argument in support of modification, alleging that, due to the father's busy work schedule, the child spends a majority of his time with his paternal grandmother and, as a stay-at-home mom, she would be able to spend more time with the child [FN3]. The mother only made general allegations that she did not have enough parenting time and that the child wanted to spend more time with his brother. Further, there are no allegations in the mother's petition, nor any evidence on the record before us, demonstrating that the father is otherwise "unfit, or perhaps less fit, to continue as the proper custodian" (Matter of Di Fiore v Scott, 2 AD3d at 1417 [internal quotation marks and citation omitted]). Accordingly, Family Court's dismissal of the mother's modification petition without a hearing was proper (see Matter of William O. v John A., 148 AD3d at 1259-1260; Matter of Hall v Hall, 61 AD3d 1284, 1285 [2009]). Lastly, Family Court's dismissal of the mother's petition renders moot the mother's remaining argument with respect to the denial of her motion to testify electronically (see generally Matter of Ashley EE., 84 AD3d 1440, 1441 [2011]; Matter of Rebecca KK., 61 AD3d 1035, 1037-1038 [2009]).
Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father also filed a modification petition; however, at the initial appearance in this matter, Family Court dismissed the father's petition insofar as he conceded that he was not advocating for a modification of the order, but instead wanted to maintain the present custody arrangement and otherwise ensure that the child was returned to his custody in New York prior to the start of the new school year.

Footnote 2: The record indicates that the mother has another son — the subject child's half brother — from a previous relationship.

Footnote 3: During this same appearance, Family Court informally warned the mother that, as written, her petition suffered from certain potential facial sufficiency issues and that, in consideration thereof, she should discuss with her counsel the possibility of amending her petition accordingly. Notwithstanding, despite two additional court appearances in August 2016 and September 2016, the mother never moved to amend her original petition.