Matter of Wood v Rebich (2018 NY Slip Op 08213)





Matter of Wood v Rebich


2018 NY Slip Op 08213


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

525094

[*1]In the Matter of DANIELLE WOOD, Petitioner,
v
DANIEL REBICH, Appellant.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Catherine E. Stuckart, Binghamton, for appellant.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 2, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed a family offense, and issued an order of protection.
Petitioner filed a family offense petition alleging that respondent harassed and stalked her. Following a hearing, Family Court granted the petition and issued a one-year order of protection requiring respondent to stay away from petitioner and her children. Respondent appeals.[FN1]
Viewing the record in its entirety, we agree with respondent's argument that he was denied meaningful representation (see Matter of Jaikob O. [William O.], 88 AD3d 1075, 1077 [2011]). Before the hearing, counsel did not engage in any discovery. At the hearing, counsel did not present an opening or closing statement. Nor did counsel object when Family Court questioned petitioner — who appeared pro se — and admittedly assisted her in establishing a foundation for two of her three photographic exhibits. Counsel asked questions of petitioner regarding those exhibits on voir dire, but objected to admission of only one of them, did not request that the court disregard petitioner's handwritten notes on the exhibits, and did not object to the many hearsay statements made by petitioner. Counsel declined to cross-examine petitioner, at which point the court stated that she had established a prima facie case and did not need to call any further witnesses. Even though respondent had stated — while not under oath — that one of the photographs was taken when the parties were out together, rather than while petitioner was unaware of his presence, counsel did not call respondent or any other witnesses to testify. In short, counsel did almost nothing to assist his client. Because respondent was denied effective assistance (see Matter of Jaikob O. [William O.], 88 AD3d at 1077-1078; Matter of Templeton v Templeton, 74 AD3d 1513, 1514 [2010]; compare Matter of Hurlburt v Behr, 70 [*2]AD3d 1266, 1267-1268 [2010], lv dismissed 15 NY3d 943 [2010]), we reverse and remit for a new hearing on the petition.
Egan Jr., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although the order of protection expired by its own terms, this appeal is not moot because that order has continuing legal and reputational consequences for respondent (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-673 [2015]).