Matter of Quincy X. v Kristina Y. (2021 NY Slip Op 03492)





Matter of Quincy X. v Kristina Y.


2021 NY Slip Op 03492


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

528804
[*1]In the Matter of Quincy X., Appellant,
v
Kristina Y., Respondent.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
DeLorenzo, Grasso & Dalmata, LLP, Schenectady (Cory Ross Dalmata of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Fulton County (Cortese, J.), entered February 19, 2019, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2009). Under a February 2018 order entered on consent, the father, who was and remains incarcerated, was permitted limited contact with the child. The father commenced this modification proceeding in July 2018 seeking an expansion of his visitation rights. The mother moved to dismiss the petition on the basis that the father failed to allege a change in circumstances.[FN1] Family Court granted the motion in a February 2019 order, from which the father appeals. We affirm.
The father, as the party seeking to modify a prior order of visitation, bore the burden of establishing a change in circumstances since the entry thereof, and "his petition must allege facts which, if established, would afford a basis for relief" (Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010] [internal quotation marks and citation omitted]; see Matter of Lowe v Bonelli, 129 AD3d 1135, 1136 [2015]). In the petition, the father alleged that he believed that he was "entitled to more than what was given in the [February 2018] order" and that he did not receive adequate representation from his counsel in the proceeding leading to the February 2018 order. Even accepting these allegations as true, they do not establish a change in circumstances. Accordingly, Family Court correctly granted the mother's motion (see Matter of William O. v John A., 148 AD3d 1258, 1259-1260 [2017], lv denied 29 NY3d 908 [2017]; Matter of Audrey K. v Carolyn L., 294 AD2d 624, 624-625 [2002]). The father's remaining assertions are either belied by the record or without merit.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The attorney for the child joined the mother's motion.